PERRY LYNN *et al.* Appellants, *vs.* JOSEPH C. WORTHINGTON, Appellee.

*Opinion filed December 16, 1914—Rehearing denied Feb. 9, 1915.*

1. WILLS—*law favors vesting of estates at earliest possible moment.* Estates devised will vest in interest at the death of the testator unless some later time for their vesting is clearly expressed by the words of the will or appears by necessary implication.

2. SAME—*rule as to vesting of estate where devise of remainder is to a class.* Where the remainder after a life estate is to a class, in the absence of a clear intention to the contrary it vests in those members of the class in being at the testator's death, since the will takes effect at that time.

3. SAME—*when devise creates a vested remainder.* An unconditional devise to a person or class of persons after the death of the life tenant is an absolute gift and creates a vested remainder, the possession, only, being postponed.

4. SAME—*when a life tenant takes also a share of the remainder in fee.* Where the testator devises certain lands to one of his daughters (naming her) for her natural life, with directions that she keep the property in good condition and pay all taxes, and "after the death of my daughter I give the said land in equal undivided parts to my children and their heirs in fee simple forever,". the life tenant takes also a vested interest in fee in the remainder as one of the class to whom the remainder is given, as the words "after the death" refer to the time of enjoyment and not to the vesting of the estate.

5. SAME—*testator may give life tenant an additional interest.* The devise of a life estate does not prevent the testator from giving an additional interest to the devisee if he wishes to, and if, in the same clause or another part of the will, he uses language the legal effect of which is to vest the life tenant with an interest in fee, the intention thus expressed will not be disregarded in favor of some intention which the testator may be supposed to have had in his mind.

6. LACHES—*when mere delay is not a bar.* Mere delay in asserting title to land short of the statutory period of limitation is not a bar, where there has been no act done nor any change of relations or conditions which makes it inequitable to enforce the legal right.

FARMER, J., dissenting.

APPEAL from the Circuit Court of Menard county; the Hon. GUY R. WILLIAMS, Judge, presiding.

NEIGER & GORDLEY, (J. J. NEIGER, of counsel,) for appellants.

L. A. WHIPP, and SMOOT & LANING, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This case involves the construction of the sixth clause of the will of Robert Worthington, who died October 2, 1893. That clause is as follows:

"*Sixth*—I give and devise to my daughter, Mariah Lynn, of Cass county and State of Illinois, all the following lands, to-wit, [describing them,] to have and to hold and to possess the same, with all the rents and profits thereof, for and during the term of her natural lifetime, directing that she keep the same in good condition and pay all taxes that may be assessed on said land in each year, during her life estate; and after the death of my daughter I give the said land in equal undivided parts to my children and their heirs in fee simple forever."

The testator left nine children, including Mariah Lynn, surviving him. She died August 15, 1895, intestate, having

no descendants, and leaving her brothers and sisters and her husband, William P. Lynn, her heirs-at-law. He died July 25, 1909, intestate, leaving five children, his heirs. The interest of the brothers and sisters of Mariah Lynn in the land in controversy has been conveyed to the appellee, Joseph C. Worthington, who has been in sole possession since October 29, 1895. The children of William P. Lynn claim that there was devised to Mariah Lynn by the sixth clause of her father's will a one-ninth interest in the remainder after the termination of her life estate, one-half of which descended to their father and upon his death to them. They filed their bill for partition, but the court sustained a demurrer to it and dismissed it for want of equity, and they have appealed.

The remainder devised by the sixth clause was vested. The law favors the vesting of estates at the earliest possible moment, and estates devised will vest in interest at the death of the testator unless some later time for their vesting is clearly expressed by the words of the will or appears by necessary implication. (*Scofield* v. *Olcott,* 120 Ill. 362; *Kellett* v. *Shepard,* 139 id. 433; *Grimmer* v. *Friederich,* 164 id. 245; *Knight* v. *Pottgieser,* 176 id. 368; *Carter* v. *Carter,* 234 id. 507.) Where a life estate is devised with a remainder to an ascertained person, subject to no condition precedent, the remainder is regarded as vested, the possession, only, being postponed; and where the remainder is to a class, in the absence of a clear intention to the contrary it vests in those members of the class in being at the testator's death, since the will takes effect at that time. (*Grimmer* v. *Friederich, supra; McCartney* v. *Osburn,* 118 Ill. 403; *Thomas* v. *Thomas,* 247 id. 543; *Lancaster* v. *Lancaster,* 187 id. 540.) An unconditional devise to a person or class of persons after the death of a life tenant is an absolute gift, the possession, only, being postponed because of the life estate and creates a vested remainder. *Grimmer* v. *Friederich, supra; Knight* v. *Pottgieser, supra; Carter* v.

*Carter, supra; Hinrichsen* v. *Hinrichsen,* 172 Ill. 462; *Santa Clara Female Academy* v. *Sullivan,* 116 id. 375.

There is nothing in the will indicating an intention to make the remainder conditional or to postpone its vesting to a time later than the death of the testator. Mariah Lynn was one of the testator's children to whom the remainder was devised in equal undivided parts, and, therefore, under the language of the will became entitled at the testator's death, together with her brothers and sisters, to the remainder after the termination of her life estate, her share being one-ninth. Had the life estate been devised to a stranger no question could arise as to the propriety of this construction,—no other would be possible. This construction is equally necessary in the present case under the decisions of this court, for in the case of *Kellett* v. *Shepard, supra,* the exact question was decided and the following language used by the lord chancellor in *Bullock* v. *Downs,* 9 H. of L. Cas. 1, was quoted: "Generally speaking, where there is a bequest to one for life and after his decease to the testator's next of kin, the next of kin who are to take are the persons who answer that description at the death of the testator, and not those who answer that description at the death of the first taker. Gifts to a class following a bequest of the same property for life vest immediately upon the death of the testator. Nor does it make any difference that the person to whom such previous life interest was given is also a member of the class to take on his death." The devise of the life estate in that case was to the daughter of the testator, and upon her death without issue then to his heirs-at-law. She and her brother, being the only heirs-at-law, were held to take a vested estate, equally, in the remainder. The case is not distinguishable from this. In *Smith* v. *Winsor,* 239 Ill. 567, the rule was stated that the devisee of a life estate with remainder to the testator's heirs was entitled, if an heir, to share in the remainder, though the case where the life tenant is also the sole heir was recog-

nized as an exception to this rule in *Johnson* v. *Askey,* 190 Ill. 58.

The appellee, relying upon the principle that all the provisions of the will must be construed together so as to carry out the intention of the testator, seeks to find in the language of the will, as applied to the circumstances of the case, an intention to exclude Mariah Lynn from participating in the remainder. It is stated that when the will was made the daughter, Mariah, was well advanced in age and childless. Neither of these facts appears on the face of the will and neither is material. When there is no ambiguity in the language used and such language has a settled legal meaning the intention of the testator must be gathered from the will itself, and it is the intention thus expressed which must control, regardless of any unexpressed intention which may be supposed to have existed in the testator's mind. *Taubenhan* v. *Dunz,* 125 Ill. 524; *Fowler* v. *Black,* 136 id. 363; *Deemer* v. *Kessinger,* 206 id. 57.

Counsel refer to the language, "after the death of my daughter I give the said land," and say it is precisely the same as if he had named his children other than Mariah, or had said my surviving children, or my children other than Mariah. The rule is, however, too well settled for discussion that the expression "after the death," as used in this paragraph of the will, refers to the time of enjoyment and not to the vesting of the estate.

The requirement to keep the land in good condition and pay the taxes does not indicate an intention that the life tenant should not share in the remainder, nor does the fact that in the eighth clause of the will, in disposing of the remainder of certain property devised to his wife for life, the testator directs it to be sold and divided among his children, (naming them,) and including Mariah. Counsel refer to what they regard as an incongruity if it is held that the testator intended to give his daughter a portion of the remainder which she could only be entitled to take by dying,

and say that this court has frequently held that there never was a case where a testator gave a person a life estate where he intended such person to have any other or greater estate in the property. In *Downing* v. *Grigsby*, 251 Ill. 568, we said that there was nothing inherently absurd in a testator's giving to one of several to whom a fee is devised, the enjoyment of the whole property during his lifetime, or to a life tenant of the whole a share of the fee in remainder. It is no doubt true that in no case where an estate for life was devised to the first taker without more, did the testator intend that the devisee should have more. It is equally true that the devise of a life estate does not prevent the testator from giving an additional interest to the devisee if he wishes to, and if in the same clause or another part of the will he uses language the legal effect of which is to vest in the devisee the fee, the intention thus expressed will not be disregarded in favor of some unexpressed intention which the testator may be presumed to have had in his mind.

The bill was not filed until about eighteen years after Mariah Lynn's death, during which time the appellee was in sole possession of the land, and one of the grounds of demurrer is the *laches* of the appellants. The appellants had the full period of the Statute of Limitations in which to sue for the possession of the land, and something more than mere delay to bring suit is necessary to constitute *laches* which will bar them of their remedy. There must be some act done or allowed, some change of relations or conditions, which makes it inequitable to enforce the legal right. There was here delay, only, and in such case the statute is the only limitation of the right to sue.

The decree is reversed and the cause is remanded, with directions to overrule the demurrer to the bill.

*Reversed and remanded, with directions.*

Mr. JUSTICE FARMER, dissenting.