(No. 12054—Reversed and remanded.)

GEORGE B. HENKINS *et al.* Appellees, *vs.* JEHU HENKINS *et al.*—(ALICE L. HENKINS, Appellant.)

*Opinion filed February 20, 1919.*

1. WILLS—*who are heirs.* Heirs are the persons appointed by law to receive an estate in case of intestacy.

2. SAME—*to whom a devise to heirs of testator applies.* A devise to the heirs of the testator applies to those who are his heirs at his death unless the intention is plainly manifested in the will to refer to those who shall be his heirs at some subsequent time; and this construction is not changed by the facts that a life estate precedes the bequest to the heirs-at-law, that the life tenant is one of the heirs to whom the remainder is devised or that the devise to the heirs is contingent.

3. SAME—*general rule as to when a devise over takes effect.* Where a will speaks of a devise as taking effect after or upon the death of the tenant of the particular estate, such words will ordinarily, if standing alone, be construed as referring to the time when the estate will vest in possession, only.

4. SAME—*when widow of deceased son shares in devise over to heirs of testator—dower.* Where a testator by one clause of his will devises a life estate in certain land to a son with remainder to the son's children in fee, and in a subsequent clause provides that if any of his four children to whom he has devised life estates shall die without issue the remainder shall "be deemed and taken as intestate estate" of the testator, the widow of the son, if he dies without issue after the death of the testator, will inherit one-half of her husband's share as heir of the testator, but she will not be entitled to dower in the other half, as his possession is not that of a freeholder of an inheritance.

APPEAL from the Circuit Court of Putnam county; the Hon. T. N. GREEN, Judge, presiding.

W. A. JOHNSON, and J. L. SPAULDING, for appellant.

FRED W. POTTER, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Adam B. Henkins died leaving a will, by which he disposed of two hundred acres of land in Putnam county in the following language:

"*Sixth*—I hereby give and bequeath to my son Adam Henkins the use, possession, occupancy, income, control and enjoyment, for the term of his natural life, the following described real estate, to-wit: [describing it.] He, my said son Adam Henkins, to use, possess, control, enjoy and to have and to hold the same for and during the term of his natural life. And I do hereby give, bequeath and devise all of the aforesaid real estate described in this sixth section of this will to the children of said Adam Henkins, subject only to the aforesaid life estate therein, they, the said children of the said Adam Henkins, to have and to hold the same, subject to said life estate, unto themselves, their heirs and assigns forever." * * *

"*Eleventh*—It is my will, and I do hereby order and direct, that in the event any of my said four (4) children to whom I have in and by section second, third, fifth, sixth and eighth sections of this will respectively given and bequeathed life estates in and to the said real estate in said respective sections described, as aforesaid, should die without leaving child or children, lawful issue, him or her surviving, then in such case said described real estate the life estate of which was in such child of mine under this will shall, after the death of such child, be deemed and taken as intestate estate belonging to my estate and shall be distributed in the same manner as the estate of an intestate."

The testator's heirs were his three sons, a daughter and four grandchildren, the children of a deceased son. The life tenant, Adam Henkins, died after the testator, leaving a widow, Alice L. Henkins, but never having had a child. Thereupon three of the testator's grandchildren filed a bill for the partition of the two hundred acres of land, claiming that upon the death of Adam Henkins, the life tenant, the title to the land passed under the will of Adam B. Henkins to his heirs as if he had died intestate after the death of his son Adam, and that Alice L. Henkins, the son's widow, had no interest in the land. She answered the

bill, claiming the fee in one-tenth of the land and dower in another one-tenth, but the court upon a hearing found the interests as claimed by the complainants and decreed a partition of the land, awarding no part to Alice L. Henkins. She has appealed from this decree.

The controversy arises out of the construction of the eleventh paragraph of the will, which provides that if Adam Henkins should die without leaving a child surviving, the land should after his death "be deemed and taken as intestate estate belonging to my estate, and shall be distributed in the same manner as the estate of an intestate." The appellees contend that the testator by this language meant that the land should be distributed to the persons who were his heirs after the death of the life tenant, and that the will should be construed as though it directed the estate to be distributed in the same manner as though the testator had died intestate after the death of the life tenant. The sixth paragraph of the will gives a life estate to the testator's son Adam with remainder to his children. Since the son had no child the remainder was contingent. On the birth of a child it would have become vested but for the modification in paragraph 11 of the will, which made the remainder contingent upon the child surviving the father. In the event this contingency should not happen the remainder was disposed of by the language which directed that it should be distributed in the same manner as the estate of an intestate. This was, in legal effect, a devise to the testator's heirs, who are the persons appointed by law to receive the estate in case of intestacy. A will speaks from the death of the testator, and a devise to the heirs of the testator is held to apply to those who are his heirs at his death, unless the intention is plainly manifested in the will to refer to those who shall be his heirs at some subsequent time; and this construction is not changed by the fact that a life estate may precede the bequest to the heirs-at-law, that the life tenant is one of the heirs to whom

the remainder is devised, or that the devise to the heirs
is contingent on an event which may or may not happen.
(*Kellett* v. *Shepard,* 139 Ill. 433; *Harrison* v. *Weatherby,*
180 id. 418; *Downing* v. *Grigsby,* 251 id. 568.) There are
no words in the will indicating an intention of the testator
different from that expressed by the ordinary meaning of
the words. He directs that after the death of his son Adam
without leaving issue surviving, the land shall be deemed
and taken as intestate estate belonging to the testator's es-
tate and should be distributed in the same manner as though
he died intestate. The words "after the death of such
child" refer not to the time of ascertaining the persons who
may be entitled to the estate but to the time when the estate
shall be distributed. (*Downing* v. *Grigsby, supra; Lynn*
v. *Worthington,* 266 Ill. 414.) The rule is, that when the
will speaks of a devise as taking effect after or upon the
death of the tenant of the particular estate, such words
will ordinarily, if standing alone in the will, be construed
as referring to the time when the estate will vest in pos-
session, only. (*Clark* v. *Shawen,* 190 Ill. 47.) The will
directs that the estate shall be distributed in the same man-
ner as the estate of an intestate,—not in the same manner
as the estate of an intestate dying after the life tenant.
The estate of the testator, if he had died intestate, would
have been distributed to his three sons, his daughter and
his four grandchildren. By his will he directed that the
remainder in the land devised to his son Adam should be
so distributed if Adam died leaving no child. Adam was
one of the heirs entitled to share in this distribution and
upon his death the right descended to his heirs. They
were his wife, his two brothers, his sister and his deceased
brother's four children. His widow, under the will, was
entitled to one-half his one-fifth interest in the remainder,
or one-tenth of the land, in fee. She was not entitled to
dower in the other half. The interest of Adam Henkins
in the remainder was subject to be defeated by the birth

287 — 5

of issue which would survive him, and his possession was only that of a tenant for life and not that of a freeholder of an estate of inheritance, which was necessary to the right of dower in his widow.

The decree will be reversed and the cause remanded, with directions to enter a decree in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*

---

(No. 12187.—Appellate Court reversed; superior court affirmed.)
JOHN A. McCORMICK, Plaintiff in Error, *vs.* JAMES S. HOPKINS, Defendant in Error.

*Opinion filed February 20, 1919.*

1. BANKS—*Supreme Court takes judicial notice that banks allow interest on time deposits.* The Supreme Court will take judicial notice that many banks allow interest upon time deposits, and in some cases upon open checking accounts on the daily balances.