(No. 26960.—

LOU B. TILTON, Appellee, *vs.* PIERCE B. TILTON *et al.,* Appellants.

*Opinion filed March 16, 1943.*

RAMSAY, BULL & YOST, and G. WALTER ZERR, (MASON BULL, of counsel,) for appellants.

JACOB CANTLIN, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

A decree of the circuit court of Carroll county construed the will of Richard Z. Tilton, deceased, and ordered partition of a parcel of real estate among his widow, his son and his daughter. The son and daughter appeal directly, a freehold being necessarily involved.

Richard Z. Tilton, a resident of Morrison, in Whiteside county, died testate on March 6, 1939. He left surviving as his only heirs-at-law, his widow, Lou B. Tilton, and his children by a former marriage, Pierce B. Tilton, and Mona Maude Vogel. The last will and testament of the decedent was admitted to probate by the county court of Whiteside county. Administration of the estate has been completed and the executors discharged. By the first three sections of his will, the testator devised residential property in Morrison to his wife, and made bequests of $10,000 and all of his household furniture to her. The

fourth section devised to his wife a life estate in 160 acres of land in Carroll county. No disposition of the remainder was made. The fourth section concludes: "All of the above devises and bequests made to my beloved wife, Lou B. Tilton, are made to her by me in lieu of her Widow's Award, dower and all statutory rights under and by virtue of the Statutes of the State of Illinois." Other sections of the will devised residential property in Morrison to the testator's son, Pierce B. Tilton, and farm lands to the son for life, with a remainder to the testator's grandchildren, Orin Tilton Vogel and Frances Jenette Vogel, provided, however, that if issue survived the son, such issue should take the remainder. Farm lands were also devised to the testator's daughter, Mona Maude Vogel, for life, with a remainder to the grandchildren previously named. The thirteenth section of the will provided that all the residue of the testator's property, no matter where situated, should be sold and converted into cash by the executors, Pierce B. Tilton and Ralph M. Eaton, "whenever the same shall be to the best interests of my Estate," and the proceeds derived from the conversion of the property divided by the executors into three equal shares, one third each to be paid to the testator's wife, his son, and daughter.

June 18, 1941, the plaintiff, Lou B. Tilton, filed her complaint in the circuit court of Carroll county, alleging that the only devise of the land described in the fourth section of her husband's will was the life estate given to her, and that, accordingly, this tract, subject to her life interest, descended as intestate property, under the Statute of Descent, in equal shares, to the heirs-at-law of the decedent, namely, herself and the defendants Pierce B. Tilton and Mona Maude Vogel. By amendments to her complaint, plaintiff alleged that in addition to the land specifically devised by the testator he owned two farms in Whiteside county, a timber tract in Carroll county and a farm in Arkansas, and that these lands were the property intended by the testator to be included in the residuary clause of

his will. Plaintiff alleged further that in the event the lands sought to be partitioned were not intestate property they were included in the residue of the testator's estate and passed under the thirteenth section of his will, and that the executors not having exercised the power of sale, she, as a devisee of a one-third interest in the residue, was entitled to partition. The prayer of the amended complaint was that the quarter section of land described in the fourth section of the will be partitioned in equal shares among the plaintiff and the two defendants, subject only to plaintiff's life estate. Defendants interposed motions to dismiss plaintiff's pleadings, denying generally that plaintiff was entitled to partition and averring that the remainder or reversion in the property sought to be partitioned passed to them, the son and daughter of the testator, as intestate property under a just and proper construction of the whole will. The motions were denied. Defendants then answered the amended complaint, challenging plaintiff's right to a partition of the property. They averred that in addition to the land owned by the testator and specifically devised in the will, the testator owned, at the time of his death, personal property not specifically bequeathed of the value of $4382.35. Herbert Blackert, a tenant, named as a party defendant, was defaulted. June 24, 1942, a decree was entered finding that Richard Z. Tilton's will made no devise of the property described in the fourth section of his will, except as to the life estate devised to plaintiff, and that, in consequence, the fee descended as intestate property to plaintiff and the defendants, subject to plaintiff's life estate, in accordance with the Statute of Descent. A finding was made that the farms described in the amended complaint were the lands intended to be included in the residuary clause of the will. The decree further found that even though the property in controversy, subject to plaintiff's life estate, had not descended as intestate property, the land was included in the residue of the testator's property under the thirteenth section of his will, and that since

the executors had not exercised the power of sale granted to them, plaintiff, as a devisee of a one-third interest in the residue, would be entitled to partition. Accordingly, partition on the basis previously described was ordered. This appeal followed.

The testator failed to dispose of the remainder interest in the farm in Carroll county described in the fourth section of his will. Plaintiff contends that since no disposition was made of the remainder, the reversion descends as intestate property and that she is entitled to a one-third share of the remainder. On the other hand, defendants maintain that the language employed in the fourth section declaring the devises and bequests previously made to plaintiff were "in lieu of her Widow's Award, dower and all statutory rights under and by virtue of the Statutes of the State of Illinois," manifested an intention to exclude plaintiff from her share of the remainder as an heir-at-law.

If a will creates a life interest and fails to disclose an intention by the testator, as here, to dispose of the remainder, the latter becomes intestate property. (*Lewis* v. *Harrower*, 197 Ill. 315.) In particular, it is established that where a testator creates an estate for the life of his wife and makes no disposition of the remainder after the termination of the life estate, the reversion descends as intestate estate to the heirs-at-law as tenants in common, and any one of the tenants in common enjoys the legal right to have the estate partitioned. (*Schmidt* v. *Schmidt*, 292 Ill. 275; *Sutton* v. *Read*, 176 id. 69.) Plaintiff, as the testator's widow, was one of his heirs-at-law, so far as his intestate property was concerned, by virtue of the Statute of Descent. (*Richards* v. *Miller*, 62 Ill. 417; *Rawson* v. *Rawson*, 52 id. 62.) Whether a widow is not an heir of her deceased husband under the common law, as defendants assert, is beside the point here for the adequate reason that she is made an heir and distributee by the Statute of Descent. An heir-at-law cannot be disinherited merely by a declaration that he shall not have anything in addition to

specifically described property or money given him in a will. (*Tea* v. *Millen*, 257 Ill. 624.) As this court, speaking through Mr. Justice Cartwright, pertinently observed in the case cited: "No matter how strong the intention of the testator may be to disinherit an heir, the intention can not be given any effect as to intestate property, and the only method of disinheriting him is to give the property to someone else." Again, anything less than an intention to make an affirmative disposition of the property to others has been held insufficient to cut off the life tenant's rights as an heir or next of kin in the undisposed of reversion. (*Hill* v. *Hill*, 161 Ga. 356; *Torrey* v. *Peabody*, 97 Me. 104; *Nickerson* v. *Bowly*, 8 Metc. (Mass.) 424; *Wood* v. *Mason*, 17 R. I. 99.) As pointedly stated in *Hill* v. *Hill*, *supra*, "To disturb the ordinary course of descent of property, the disherison of the heirs at law must affirmatively appear."

So far as the remainder interest in the property devised by the fourth section of the testator's will is concerned, a consideration of the testator's intent would be sheer speculation. Certainly, it cannot be said that the will discloses a clear intent to preclude plaintiff from sharing in property other than the items described in the first four sections of the will. The thirteenth section is sufficient answer to defendant's argument in this regard, since it expressly provides that plaintiff should have a one-third interest in the residue of the estate.

The argument is advanced that plaintiff's right to take as an heir-at-law is purely a statutory right and that, hence, the testator's explicit intention was that she take nothing as an heir. The fact that the descent of property in Illinois, whether by inheritance or devise, is regulated wholly by statute (*Zakroczymski* v. *Zakroczymski*, 303 Ill. 264; *In re Estate of Graves*, 242 id. 212,) does not aid defendants. Recourse to the fourth section of the will discloses that the testator did not declare that the devises and bequests made to plaintiff were in satisfaction of all her claims

against, and all statutory rights she might have in, his estate. The obvious intent of the testator, in declaring that the substantial provision made for plaintiff in the first four sections of his will should be in lieu of dower, widow's award and all statutory rights under the statutes of this State, was that in the event she elected to take dower and to claim a widow's award and like rights she should not be entitled to the specific devises and bequests made to her. The declaration in the fourth section cannot reasonably be interpreted to mean that the testator was attempting to deny plaintiff her share in intestate property. In the event of intestacy, in whole or in part, the applicable statute governs the descent of the property, and the intent of a testator, express or implied, cannot be decisive.

Defendants contend further that plaintiff is not entitled to share in the remainder interest for the reason that she elected to take in conformity with the will. To support their contention reliance is placed, among other authorities, upon *Ellis* v. *Dumond*, 259 Ill. 483, which holds that where testamentary provisions for the testator's wife were "made to her in lieu of her dower and all other rights as widow of my estate," the widow must elect between such provisions and her dower right in real property of which the will has made no attempt to dispose. The facts in *Ellis* v. *Dumond*, are far from parallel with those in the present case where plaintiff, as the testator's widow, claims a one-third interest in his intestate property and also claims under the will. Where a will does not dispose of the entire estate of the testator, the widow is not put to her election between the provision for her under the will and her rights as heir or distributee in the property undisposed of, unless it be clearly expressed in the will that the gift to her is to be in satisfaction of all her claims on the estate, or it appears from the will itself that such was, in fact, the intention of the testator. (69 Corpus Juris, Wills, secs. 2336, 2353; *Sutton* v. *Read, supra.*) The equitable doctrine of election

is based upon the proposition that one claiming a right given under a will confirms the will and therefore should not be permitted to assert a right inconsistent with its provisions and thereby defeat the will. (*Burns* v. *First Nat. Bank of Joliet,* 304 Ill. 292; *Palenske* v. *Palenske,* 281 id. 574.) Here, plaintiff is claiming property not covered by the will. For this reason, there can be no disaffirmance of the will on her part as to the intestate property, and the assertion of her claim to a portion of the remainder is not in conflict with her rights under the will and the provisions made in her behalf. It follows that a widow who has been devised a life estate by her husband's will is under no duty to elect between taking the life estate given her by the will and taking or sharing in the undisposed reversion. (*Sutton* v. *Read, supra.*) In the absence of an explicit expression in the will that the devises and bequests to the wife were in satisfaction of all her claims against his estate or in lieu of all statutory rights she might have in his estate, the doctrine of election is inapplicable and no duty rested upon plaintiff, as a beneficiary, to elect.

We hold that plaintiff was entitled, as an heir-at-law of Richard Z. Tilton, deceased, to an undivided one-third of the remainder interest in the farm described in the fourth section of his will for the reason that the remainder was intestate property. It therefore becomes unnecessary to consider the chancellor's alternative ground of decision, namely, that the power conferred upon the executors to sell the property covered by the thirteenth section of the will, when, if ever, they deemed disposition to be to the best interests of the estate, did not operate as an equitable conversion and that, in consequence, the interest devised to plaintiff would support a partition action.

The decree of the circuit court is right, and it is affirmed.

*Decree affirmed.*