(No. 26979.—

LINCOLN E. BUNDY *vs.* MARGARET SOLON, Appellant, *et al.*
—(JAMES T. SOLON *et al.,* Appellees.)

*Opinion filed Sept. 24, 1943—Rehearing denied Nov. 11, 1943.*

CARR, CARR & CARR, for appellant.

JONES & HEFLIN, for appellee James T. Solon; Mc-MULLEN & DIXON, for other appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

The complaint in this case was filed in the circuit court of La Salle county by Lincoln E. Bundy, as trustee, against Margaret Solon and other persons who claimed an interest in certain real and personal property conveyed by Leonard P. Solon, in his lifetime, to plaintiff as trustee. The prayer of the complaint was for a construction of the terms of a trust agreement which is set out below, and for a decree determining the persons entitled to the property on distribution by the trustee. Answers and cross complaints were filed by the parties and a decree entered finding that appellant had no interest in the property. From that decree appellant, Margaret Solon, has perfected an appeal to this court. The sole question raised on this appeal is whether the trial court erred in holding that Margaret Solon was not entitled to a share of the estate of her deceased husband and in excluding her from any interest in said real and personal property.

Leonard P. Solon and Anthony A. Solon were brothers and partners, conducting an undertaking and general garage business in the city of Streator, Illinois. They owned lots 14 and 15 in block 19 in the original town of Streator, on which their establishments were located and they were jointly and equally owners of said businesses. On May 29, 1934, Leonard P. Solon, joined by his wife, the appel-

lant, and Anthony A. Solon, who was a widower, executed a warranty deed to the real estate and a bill of sale to the furniture, fixtures and supplies, both in the undertaking and the garage business, to Lincoln E. Bundy, as trustee. On the same day the brothers entered into a written agreement as follows:

"This agreement, entered into this 29th day of May, 1934, by and between Leonard P. Solon, of the first part, and Anthony A. Solon, of the second part, witnesseth:

"That the parties hereto are brothers and partners engaged in the undertaking business and the garage business; that they are the owners of lots 14 and 15 in block 19 in the Original Town, now City, of Streator, Illinois; that they are jointly and equally owners of said businesses and desire to perpetuate the same as long as they may live and during the lifetime of the survivor; that therefore, to accomplish said result, they have executed a deed, the wife of the party of the first part joining therein, conveying said premises to Lincoln E. Bundy, and have also executed a bill of sale to him conveying their partnership personal property, in trust, for the following purposes:

"That said trustee shall permit the survivor of said parties to have possession and control of said property, provided that he shall keep the same in reasonably good condition. Said trustee shall rebuild premises destroyed by fire out of insurance collected. The survivor shall preserve the estate in substantially its present condition and shall conduct said businesses for the remainder of his life. If the said Leonard P. Solon dies first, the party of the second part shall pay to Margaret Solon, his widow, the sum of $15.00 a week, monthly, for the remainder of his natural life, and if the said Margaret Solon dies prior to the death of the party of the second part, said payment shall be made to the surviving children of the party of the first part.

"If Anthony A. Solon dies first a like payment shall be made by the party of the first part to Mary Prendergast, or to her children if she does not survive the party of the first part.

"At the death of the survivor of the parties hereto, said trustee shall convey all of the property, real and personal, then of record in his name by virtue of the deed of trust and bill of sale herein described, one-half to the heirs at law of the party of the first part and one-half to the heirs at law of the party of the second part, provided, however, that if either party hereto hereafter executes a last will and testament, said trustee at the death of the survivor of the parties hereto shall convey one-half of said property to the person or persons designated in the will of such party hereto instead of his heirs at law."

Leonard P. Solon died intestate on or about January 26, 1935, leaving Margaret Solon, his widow, and James T. Solon, Walter Solon, and Leonard B. Solon, his children, as his only heirs-at-law. After his death, his brother, Anthony A. Solon, continued in possession and operated the businesses and made the payments to Margaret Solon, according to the terms of the contract, until his death, which occurred February 15, 1941.

The trustee, Lincoln E. Bundy, in his complaint alleges that he is the holder of the legal title only to said real and personal property; that Margaret Solon claims a portion of said property; that the defendant James T. Solon and others deny she has any interest therein. He asked for a construction of the trust agreement and for a decree determining the persons entitled to the one-half interest in the property owned by Leonard P. Solon, in his lifetime, and those entitled to receive the other one-half, which was vested in Anthony A. Solon, at the time of his death.

Margaret Solon filed an answer and a cross complaint in which she claimed to be an heir-at-law of Leonard P. Solon within the meaning and intent of the Statute of Descent and within the meaning and intention of the parties to said contract or trust agreement. She asked that she be decreed to be the owner of an undivided one-third of an undivided one-half of said real estate and personal property. In her cross complaint she asked for partition of the real estate. Walter L. Solon and others filed an answer denying that she had any interest and asking that the property be distributed in certain proportions, omitting Margaret Solon. Afterward Margaret Solon filed an amendment to both her answer and cross complaint setting up that she was married to Leonard P. Solon, February 10, 1932, when he was in his fifty-fifth year and she was in her twenty-fourth; that Leonard P. Solon died in his fifty-eighth year and at that time Anthony A. Solon was fifty-five years of age; that he died February 15, 1941, in his sixty-

first year; that the estate of Leonard P. Solon, other than the property involved, was only sufficient to pay claims, was insolvent as to interest on claims and there was nothing left for distribution among the heirs-at-law; that it was not the intention of Leonard P. Solon to provide for her only during the life of Anthony A. Solon. James T. Solon filed a motion to strike certain paragraphs of Margaret's answer on the ground that her allegations that she was an heir-at-law of Leonard P. Solon and entitled to an undivided one-sixth of said real and personal property were conclusions of law. A decree was entered sustaining the motion to strike. Margaret Solon elected to stand by her cross complaint. The same was dismissed for want of equity. The decree found that the said Margaret Solon was not an heir-at-law of Leonard P. Solon, deceased; that the term, "heirs-at-law," as used in said contract, was not intended to include the said widow but was intended to include James T. Solon, Walter Solon and Leonard B. Solon, his children, only. The interests of the parties were then set out in the decree, excluding Margaret Solon, and ordering the trustee to distribute the real and personal property in accordance with the interests set out in the decree.

It is contended by appellees that appellant, Margaret Solon, widow of Leonard P. Solon, deceased, did not take any interest in either the real or personal property which constituted the trust. This contention is based upon the argument that she does not fall within the designation of "heirs-at-law," as that term is used in the trust agreement. On the other hand the appellant claims she is entitled to a share of such property for two reasons: first, that when the Statute of Descent was changed in 1923 the surviving wife is one of the persons designated by law who will take a share of the estate in case of intestacy, and therefore comes within the designation of "heir-at-law;" second, that a proper construction of the deed and declaration of

trust indicates Leonard P. Solon did not intend his surviving wife's interest in his estate should cease after the death of his brother, Anthony A. Solon.

The question whether one is an heir-at-law is determined by statute, and generally an heir is designated as one who succeeds by descent to lands, tenements and hereditaments, or is a person appointed by law to succeed to an estate in case of intestacy. (*McCormick* v. *Sanford,* 318 Ill. 544; *Walker* v. *Walker,* 283 Ill. 11; *Black* v. *Jones,* 264 Ill. 548.) Whether one is an heir as defined by statute depends upon the circumstances as to what relatives survive the intestate. At common law the oldest son was the heir, and in case of no sons then all daughters shared equally in the estate. In Illinois, prior to 1923, the nearest relatives classifying as heirs were the children or descendants of children, but as a person may die without children the law in such case provided that more remote relatives will be the heirs, and it was not essential such heirs take in the same proportion.

Thus, when an intestate dies and leaves no descendants but brothers or sisters and father and mother such relatives are all placed in the same class, except where one of such parents may be deceased, in which event the surviving parent takes a double share. (Ill. Rev. Stat. 1941, chap. 3, par. 162.) In this event one heir takes twice as much as another, not as the heir of the deceased spouse, or as the heir of the deceased child, but because of the mandate of the statute. This is but an illustration of the fact different circumstances as to the existence of near or remote relatives at the time of the death of an intestate provide different takers by descent, and hence the heir of an intestate may be an immediate or a remote relative, or even a person not a relative, as designated by statute.

Prior to 1923 the statute under certain conditions made the surviving widow of an intestate an heir to part and sometimes all of the property of an intestate. Thus,

where there were no children or descendants of children, she took a portion of the estate in fee under the statute, as an heir, (*Henkins* v. *Henkins,* 287 Ill. 62; *Alexander* v. *Masonic Aid Ass'n,* 126 Ill. 558,) and in addition had dower in the remainder. Until the change in the statute, where there were surviving children, as in this case, the widow did not inherit any portion of the real estate, but took an estate of dower. However, the dower was not created by death, but only consummated thereby. The marriage raised the right of dower and the death of the husband entitled the widow to its enjoyment. Dower, however, could only be had in freehold estates of inheritance, (Ill. Rev. Stat. 1935, chap. 41, par. 1,) or in equitable estates where the deceased was entitled to enforce or recover it at the time of his death. *Kathman* v. *Sheehan,* 332 Ill. 280.

However, the Statute of Descent was amended in 1923, and provided that in cases where an intestate died leaving a widow, and also a child or children, the widow was to receive as her absolute estate, in lieu of dower, one third of the personal property and one third of the real estate in which dower is waived. (Ill. Rev. Stat. 1935, chap. 39, par. 1.) That statute also provides waiver of the right of dower is accomplished by waiving in writing, or in failing to elect to waive within the period of one year. Thus, if the widow does nothing at all and lives one year she has a fee interest in one third of the real estate and personal property, because her failure to act amounts to an election. The estate thus created in the widow is not similar to anything previously existing. Obviously the purpose of the statute is to give to the widow a one-third interest in all the estate of her husband, whether or not the same is or is not of a character out of which dower may be assigned, and thus she is not limited in the case of the death of her spouse to have a dower assigned merely out of presently vested freehold estates of inherit-

ance. However, there may be occasions where her dower would be preferable, in which event she is given the right to waive the absolute estate and take dower in place thereof.

Thus the law confers upon the surviving widow one third of the estate of her deceased husband, but her election may change the character of the estate to dower. It even goes further, and presumes the right of election is waived in case of her failure to act within the period of one year. While this estate is not immediately vested by law it may be so vested by her own act, and is in the nature of a conditional fee, which is subject to be terminated by her election or her death within one year without having made an election. In this sense she has the right to be considered as an heir because such status must be changed by her own act. No precedents applying to a like case have been called to our attention, but it seems clear that upon the death of the intestate the law does not cast upon the surviving widow the common-law right of dower, but in place thereof an estate which will be a fee, or as the statute says "an absolute estate" subject to being terminated only by her own election to take dower instead. The right to dower no longer depends upon death alone, but requires an election to take it, in place of what the law confers upon her, and to which she is appointed by the statute to succeed.

An examination of the deed and trust instrument indicates the grantors and donors considered the term "heirs-at-law" was of different significance than widow and children. To properly construe a contract all of its provisions must be considered and all be given effect, if lawful, or not in violation of public policy. (*Thomas Hoist Co.* v. *Newman Co.* 365 Ill. 160; *Weger* v. *Robinson Nash Motor Co.* 340 Ill. 81; *Tallman* v. *Eastern Illinois and Peoria Railroad Co.* 379 Ill. 441.) The paragraph of the contract containing the provision for conveyance to

the heirs-at-law after the death of both brothers, if considered alone, might be construed to have a different meaning were there no other provisions which limited or explained the technical interpretation sometimes given such terms, and hence, to ascertain the intent of the parties in this case the entire instrument should be examined, including the purpose of the grantors, as declared therein. The contract between the donors does not conflict with, but rather supports the contention of appellant.

The first thing to be noticed is that while a deed of conveyance of the real and personal property is made to Lincoln E. Bundy, as grantee, it is not he who declares a trust under which the property is held, but the declaration is made by the grantors themselves in a separate instrument, executed contemporaneously, but having the same effect as though the trust provisions were incorporated in the original deed to Lincoln E. Bundy. The object to be accomplished is declared to be to perpetuate the business during the life of both brothers; it makes provision for the dependent wife of Leonard P. Solon after his death and during the life of his surviving brother, and after the death of both brothers makes provision for the division of the property. In the event Leonard P. Solon died first the surviving brother, Anthony A. Solon, was to have the full use of all of the property subject to the payment to Leonard's widow of $15 per week, and in case she died before the surviving brother died, then the $15 per week was to be paid to the surviving children of Leonard P. Solon. When both brothers had died the property real and personal was to be divided between the heirs-at-law of the brothers, respectively, unless the donors disposed of their interest by will.

While the means used by the grantors to carry out their wishes seems unusual the purpose appears to be quite clear so far as the interest of Leonard P. Solon is concerned. The record discloses he had a wife and three

children at the time the deed and trust instrument were executed. One of his main purposes was that the surviving brother could continue the business as long as he lived, but was required to pay the widow of Leonard P., in case she survived him, $15 per week, and in the event of her death before the surviving brother, Anthony A., this was to be paid to the surviving children. But there is no mention of the wife's interest in case of her surviving Anthony A. other than that the property is to be divided between the heirs-at-law, and no express provision that she be excluded.

It seems clear that as long as the surviving brother was paying for the use of the property it was expected the widow, not the heirs, of the deceased should receive the entire income, because only in case of her death was the income to go to his surviving children, who, with the wife, constituted his heirs. On the other hand, when the death of both brothers left the property subject to disposition and division, and when there was no longer a member of the partnership living to carry on the business and create income, it was expected that each brother's share should be divided between his heirs-at-law. The statute made the widow a qualified heir, and it is to be presumed the husband not only knew of the statute of 1923, but knew that in case he died prior to his brother his estate was not one out of which dower could be assigned because of the previous creation of an estate *pur autre vie*. When he was disposing of income he distinguished between surviving widow and children, but when he disposed of the final interest it was to be divided between the heirs-at-law. Since there is nothing to indicate an intention to exclude the widow from being an ultimate beneficiary, but on the contrary while the business was being operated the agreement preferred her, it is reasonable to believe the grantors used the different terms "widow," "children" and "heirs-at-law" advisedly, so when the second brother died, ter-

minating the annuity of the widow, she would receive a share of the property in place thereof by including her in the designation "heirs-at-law."

It has been held that where a will devises an estate to heirs-at-law, and the deceased left surviving a widow and brothers and sisters, the real estate must be divided between the widow and the brothers and sisters as it would be in case of intestacy, *viz.,* one half to the widow and the balance among the brothers and sisters, because under the statute in such circumstances they are all heirs. (*Richards* v. *Miller,* 62 Ill. 417.) So in another case, where a policy of insurance was payable to the devisees or heirs-at-law, and the deceased died intestate, leaving a widow and brothers and sisters, it was held all passed to the widow as heir under the statute giving her all personal property where there were no surviving children. (*Alexander* v. *Masonic Aid Association,* 126 Ill. 558.) We see no reason why the construction of the words "heirs-at-law" should be different in a declaration of trust than in a will or policy of insurance, when the law in effect may be applied in like manner.

There is nothing in the contract that shows an intention to exclude the widow, but taken as a whole it indicates if she survived both brothers she was to be included within the designation "heirs-at-law" upon a division of the property, and there is nothing in the statute that prohibits such an interpretation. The trial court erred in decreeing Margaret Solon had no interest in the real and personal property of her husband.

The decree of the circuit court of LaSalle county is reversed and the cause remanded, with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions.*