(No. 29483.—

Eric Ness *et al.*, Appellants, *vs.* Severt Lunde *et al.*, Appellees.

*Opinion filed May 21, 1946—Rehearing denied September 16, 1946.*

THOMPSON & MARTENSEN, and E. J. PACEY, guardian *ad litem,* both of Paxton, for appellants.

CLAUDE M. SWANSON, of Paxton, and O. R. MIDDLE-TON, guardian *ad litem,* of Gibson City, (WILLIAM S. MIDDLETON, of Gibson City, of counsel,) for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Eric Ness and others, as heirs-at-law of Selle Lunde, deceased, filed a partition suit in the circuit court of Ford county, claiming a certain interest in intestate real estate of Talleck Lunde, deceased. Talleck Lunde died February 17, 1934. He left a last will which was not probated until October, 1943. He had no children or descendants of children, but was survived by a wife and a brother and certain descendants of deceased sisters or brothers.

His will provided: "Second: In lieu of dower, homestead, widow's award and of any and all rights or interest she might have or claim in my estate, as heir, widow, or otherwise, I make the following provision for my wife, Selle Lunde, that is to say: * * *." Then follows an absolute gift of all personal property, and the use of all of his real estate during her life. There was no disposition of the fee in the real estate after the widow's death. Selle lived until November 7, 1943, and her sole heirs were a brother and the descendants of a deceased brother and sister. The controversy in this case involves the ownership of the fee in the land owned by Talleck Lunde at the time of his death.

The brother of Lunde claims that appellees, as heirs, are entitled to all of the land. The appellants, as heirs of Selle Lunde, claim they are entitled to one half of the land, as Selle was also an heir of Talleck Lunde at the time of his death and would have been entitled to one half of the undisposed-of remainder as heir-at-law under section 12 of the

Descent Act. (Smith's Stat. 1933, chap. 39, par. 12.) To this contention the appellees answer that since Selle Lunde retained the use of the land, and accepted all of the personal property, she made an election to be bound by the will, and could not participate any further in the estate of her husband. All of these facts, together with facts as to the heirs of both Talleck Lunde and Selle Lunde, are appropriately set out in the amended complaint of Eric Ness and others, heirs of Selle Lunde, and are admitted by the motion to strike which the court sustained, and the complaint was dismissed for want of equity. A freehold is involved.

The rights of the respective parties are controlled largely by the statute in effect at that time. Section 1 of the Descent Act makes provision for those who, under the different conditions existing, inherit from the deceased. The third subdivision of that section provides: "(a) When there is a widow or surviving husband and also parents, brothers and sisters of the deceased and their descendants but no child or children, or descendants of a child or children of the intestate, then (after the payment of all just debts) one-half of the real estate and the whole of the personal estate shall descend to such widow or surviving husband as an absolute estate forever and the other half of the real estate shall descend to the parents, brothers and sisters * * *." Section 12 of said act provides "All such estate, both real and personal, as is not devised or bequeathed in the last will and testament of any person, shall be distributed in the same manner as the estate of an intestate; * * *."

Section 1 of the Dower Act (Smith's Stat. 1933, chap. 41, par. 1,) provides: "* * * the surviving husband or wife shall be endowed of the one-third part of all the lands whereof the deceased husband or wife was seized * * *. And except where the deceased spouse died intestate, the surviving husband or wife, in case the deceased

spouse died leaving surviving a child or children or descendants of a deceased child or children, shall also be entitled to one-third of all the personal property owned by the deceased spouse at his or her death, * * * or, in case such deceased spouse left no child, children, or descendants of any deceased child or children, said surviving husband or wife shall be entitled to one-half of such personal estate of such deceased spouse." By section 10 of the same act it is provided that any devise of land or estate therein, or other provision made by a will for surviving husband or wife, shall, unless otherwise expressed, bar the dower and other rights of such survivor *"given by section 1 hereof,"* unless renunciation is made, in which case he shall be entitled to dower or the other rights provided by said section. Section 12 of the same act provides that if any husband or wife die testate the survivor may, if he or she so elect, have *in lieu of dower* and all other rights given by section 1, as her absolute property, one half of the real estate and personal estate if the deceased leaves no child, or descendant of child, but one third if he leave a child or descendant of a child. And the section following provides for the manner of making renunciation. Sections 10 and 12 of this act relating to election and renunciation apply in express terms to dower alone.

From the foregoing it appears that a widow is, under certain conditions, designated heir of her deceased husband, and, as such, takes under the Descent Act in case of intestacy, and has other and additional rights granted under the Dower Act. Applying the statute to a situation such as the present one, we ascertain that the widow of a husband dying intestate, leaving no descendants, would be entitled to one half of the real estate and all the personal property of the deceased, under the third paragraph of section 1 of the Descent Act, and under section 1 of the Dower Act would, in addition, be entitled to dower or its equivalent in the remainder of such spouse's estate.

Sections 10 and 12 of the Dower Act would have no application because they refer expressly to cases where the deceased dies testate. It would seem, therefore, that since Talleck Lunde died intestate as to the remainder existing in his land after the life estate granted to his widow, the latter would be entitled to the same rights in such intestate property as though he died wholly intestate.

However, it is claimed the provisions of section 10 of the Dower Act barred Mrs. Lunde from further participation in her husband's estate, but examination of this section of the statute discloses it provides that the devise in the will bars *dower* and the other rights given the survivor by section 1, which only included, in the present instance, one half of the personal property. It does not purport to bar any other interest of the surviving spouse than that described in section 1 of the Dower Act. Section 10, however, provides such devise or gift may be renounced and dower taken in the place of it, in the manner provided in the same section. Section 12 also applies to a testate estate, and makes provision by which the surviving spouse can elect, in lieu of dower, to take a certain interest in the estate in fee.

Thus we see, in the case of intestacy, dower is wholly controlled by section 1, but in case a deceased died testate and makes provision for a surviving spouse, three situations may arise: (a) If nothing is done the devise bars dower and the surviving spouse takes under the will; (b) the surviving spouse may renounce and obtain dower as set forth in section 1 of the act, by complying with section 10; or (c) having renounced the will and obtained dower, she may in lieu thereof demand a certain interest in fee in the deceased's property, as provided in section 12 of the act.

In the present case Talleck Lunde died testate and made a provision in his will for his wife in lieu of dower, which would bar dower if Selle did not renounce. She did not

renounce and obtain dower or anything in lieu thereof. Under section 10 of the Dower Act, by not renouncing, the widow's interest in her husband's testate estate was fixed by the will, which barred dower and gave her in place thereof all of the personal property and a life estate in all of the real estate. The remainder in the real estate, after the termination of her life interest, was not disposed of by the will, and it is contended by appellants that being intestate property it descended to the heirs of Talleck Lunde under section 12 of the Descent Act, and, there being no descendants, the wife became an heir entitled to one half of such remainder.

From an analysis of the above statutes we find no provision either in the Descent Act or the Dower Act that bars the rights of a widow in cases where she is an heir. And in none of the provisions of either of these acts are the rights of the surviving widow, as heir in intestate property under section 12 of the Descent Act, mentioned or limited.

In Sutton v. Read, 176 Ill. 69, a will gave the widow all of the personal property and real estate for life in lieu of dower. There was no devise of the fee, and no election made under the statute, and the only surviving relatives of the husband were a brother and sister. In that case it was held the failure to elect only affected the right to take dower, but not her right as an heir to take a part of the remainder. In deciding that case, we said: "In such case, the provisions of section 12 of the Statute of Descent must control, which provides that 'all such estate, both real and personal, as is not devised or bequeathed in the last will and testament of any person, shall be distributed in the same manner as the estate of an intestate.' As to the fee of these lands Charles G. Read died intestate, and the third paragraph of section 1 of the Statute of Descent became applicable." This case is almost parallel with the present one, with the exception the will under consideration here gave the interest to the widow "in lieu

of dower, homestead, widow's award and of any and all rights or interest she might have or claim in my estate, as heir, widow, or otherwise." Had the will here contained only a provision "in lieu of dower," both the statute and this decision would have been conclusive of her right to inherit.

Several other cases have been cited where a will made no disposition of property after the termination of the life estate, holding such property descends to the heirs as intestate property. (*Summers* v. *Higley*, 191 Ill. 193; *Minkler* v. *Simons*, 172 Ill. 323; *Schmidt* v. *Schmidt*, 292 Ill. 275; *Tilton* v. *Tilton*, 382 Ill. 426.) But in each of these cases there were surviving children who constituted the heirs, and who took the reversion, and in each of these cases, because there were children, the surviving wife could not come within the designation "heir." *Ellis* v. *Dumond*, 259 Ill. 483, is not applicable. In that case the widow had no rights as heir, as there were surviving children. There had been a devise in lieu of "dower and other rights as widow of my estate," but her claim was only to dower in eighty acres not disposed of in the will. The widow retained what the will gave her and the court properly held she was barred of dower in all of the testator's land because she had made no renunciation under section 10 of the Dower Act. No question of the right of the widow as an heir under section 12 of the Descent Act was involved. In *Tilton* v. *Tilton*, 382 Ill. 426, she is treated as an heir, although in fact she took by a devise that gave her the same rights as an heir. We have held under similar statutes that where there are no descendants the Descent Act makes the widow an heir. *Richards* v. *Miller*, 62 Ill. 417; *Rawson* v. *Rawson*, 52 Ill. 62; *Bundy* v. *Solon*, 384 Ill. 137.

The statute providing property not included in a will shall pass to the heirs as in case of intestacy is a general one and applies in all cases where the facts warrant it.

Where a widow or surviving spouse comes under the designation of heir, by reason of the facts existing in the particular case, such spouse would have the same right to inherit property not disposed of by will as would a child or other person entitled to inherit. The statute limits the election and renunciation rights of a surviving spouse to devises made in lieu of dower, and hence does not affect her rights as heir. *Tilton* v. *Tilton,* 382 Ill. 426.

The appellees endeavor to uphold the decree of the circuit court barring the heirs of Selle Lunde from participation in the real estate because the provisions for her in the will were in lieu of dower, homestead, widow's award and all rights and interest she might have or claim in the estate *as heir, widow, or otherwise.* If this language in the will bars the widow from participating in the remainder as heir it must be because of something not in the statute, as the election in the statute pertains only to dower. Her interest as heir, they say, is barred by failure to elect, in the same manner as her dower would be barred. If this position is to be maintained, it is our judgment it must be based upon equitable election, and not upon anything in the statute.

The property involved in this case was intestate property. It was not given to anybody. It may have been the intention of Talleck Lunde that the devise in the will was to be in lieu of every interest, including that of heir. However, he did not make any gift of this remainder. Had he made a gift of the remainder to some designated person its effect would have been to disinherit Mrs. Lunde of any interest in such remainder. An heir cannot be disinherited by language alone. Unless the property to which he or she is heir is given to someone else, (*Lawrence* v. *Smith,* 163 Ill. 149; *Parsons* v. *Millar,* 189 Ill. 107; *Ames* v. *Holmes,* 190 Ill. 561; *First Trust and Savings Bank* v. *Olson,* 353 Ill. 206,) it is still intestate, and the heirs still take it as intestate property. Hence this remainder in

the real estate of Talleck Lunde still remains undisposed of, and the law fixes the heirs as the owners, by operation of law.

The equitable doctrine of election will, in a proper case, bar a devisee from taking a further interest in an estate as heir, if to do so would defeat the full operation of the will. (*Burns* v. *First Nat. Bank,* 304 Ill. 292.) Election under a will consists in the exercise of a choice offered a devisee or legatee of either accepting its benefits and surrendering his own claims to property other than that disposed of, or retaining his own claims to the property disposed of and rejecting the provisions of the will. (*Pope* v. *Kitchell,* 354 Ill. 248; *Schlimme* v. *Schlimme,* 364 Ill. 303.) The election, if any, of the widow would be in relation to what was devised, *viz.,* the life estate. The fee-simple title was not devised, and where a will does not dispose of the entire estate of the testator, the widow is not put to her election between the provision for her under the will, and her rights as heir or distributee in the property undisposed of, unless it be clearly expressed in the will. *Tilton* v. *Tilton,* 382 Ill. 426.

The equitable doctrine of election is based upon the proposition that one claiming a right given under a will confirms the will, and therefore should not be permitted to assert a right inconsistent with its provisions and defeat the will. (*Palenske* v. *Palenske,* 281 Ill. 574.) Applying this test, the will here is not defeated, because every provision in the will was carried out. There being no disposition of the remainder after the life estate, no devisee is injured, because there is no devise of such interest, and the law leaves it where the testator left it, as intestate property descendable to the heirs fixed by law. We have held a number of times there is no inconsistency in a will devising an interest for life to the widow, and allowing her to participate as heir or devisee in the remainder. *Downing* v. *Grigsby,* 251 Ill. 568; *Lynn* v. *Worthington,*

266 Ill. 414; *Henkins* v. *Henkins,* 287 Ill. 62; *Hartwick* v. *Heberling,* 364 Ill. 523.

In every case of equitable election called to our attention the principle was applied to property *devised by will,* under which, if the devisee kept the gift, he or she could not participate in anything to the prejudice of another devisee. In the instant case certain property was devised, but retaining it did not affect the rights of the heirs in the property not devised. The only estate not disposed of was a reversion, and the rights of the heirs therein were not changed. The property devised to the widow did not include the reversion, and hence there was no inconsistency in keeping what was given by the will, and taking a part of the intestate property by descent. The provision in the will in lieu of her rights as heir does not require her to elect, because what she would take as heir was not disposed of by the will, (*Tilton* v. *Tilton,* 382 Ill. 426,) and she has asserted no right inconsistent with the will.

The devise to the widow in the *Tilton case* was "All of the above devises and bequests made to my beloved wife, Lou B. Tilton, are made to her by me in lieu of her Widow's Award, dower and all statutory rights under and by virtue of the Statutes of the State of Illinois." In holding the widow was not barred from a share in the intestate property of the deceased we said: "Here, plaintiff is claiming property not covered by the will. For this reason, there can be no disaffirmance of the will on her part as to the intestate property, and the assertion of her claim to a portion of the remainder is not in conflict with her rights under the will and the provisions made in her behalf. It follows that a widow who has been devised a life estate by her husband's will is under no duty to elect between taking the life estate given her by the will and taking or sharing in the undisposed reversion."

Under these authorities, the doctrine of equitable election did not apply to the widow, Selle Lunde, and there-

fore her heirs were entitled to participate in the intestate estate of Talleck Lunde. The circuit court of Ford county erred in sustaining the motion to strike the amended complaint and dismissing the cause for want of equity. The decree of the circuit court of Ford county is reversed, and the cause is remanded to that court with directions to proceed in a manner consistent with the views expressed herein.

*Reversed and remanded, with directions.*