*In re* ESTATE OF LYDIA CONRAD, Deceased.—(FIRST TRUST AND SAVINGS BANK OF WATSEKA, Adm'r with Will Annexed of the *Estate of* Lydia Conrad, Plaintiff, *v.* OTTO H. OLTMANNS *et al.*, Defendants-Appellants—(WILLIAM CONRAD, Appellee).)

Third District    No. 80-529

Opinion filed June 4, 1981.—Rehearing denied July 21, 1981.

Rick E. Janov, of Manion, Janov, Edgar & Devens, Ltd., of Hoopeston, for appellants.

James R. Blunk and Gordon L. Lustfeldt, both of Bell, Razzano & Blunk, of Watseka, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

Husband and wife were domiciled in Indiana. The wife died and her will was admitted to probate in Lake County, Indiana. The husband allowed the Indiana probate proceedings to proceed. He did not renounce the will although he could have done so under Indiana law. The time for renunciation duly passed.

Later, ancillary probate proceedings were instituted in Iroquois County, Illinois, where a 113-acre farm, an asset of the estate, was located. Husband, under Illinois law, filed a renunciation of the will.

A niece and nephew of decedent made a timely objection to the Illinois renunciation, but the trial judge ruled that the husband could renounce the will in Illinois and take his statutory share in the Illinois farm. The niece and nephew appeal. We reverse.

■■ Although the Illinois Supreme Court has not spoken precisely on the issue before us, it is well recognized in a majority of jurisdictions in the United States that one may not elect against a will in one State after accepting the benefits of the will in the State where it is probated. (Annot., 69 A.L.R.3d 1081, 1106-09 (1976).) This doctrine of election says that one claiming a right under a will confirms the will and is not permitted to assert inconsistent rights thereby defeating the decedent's testamentary scheme. *Tilton v. Tilton* (1943), 382 Ill. 426, 433-34.

■■ The husband argues, however, that after taxes and probate expenses, he received no actual monetary benefits from the Indiana probate proceedings. This is not the crucial point. In failing to renounce in Indiana, he thereby acquiesced in and accepted the will. Technically speaking, that is a benefit. Benefit, in law, does not necessarily mean a goodie. Benefit means advantage, profit, fruit or privilege. It means the acquisition of some legal right to which he would not otherwise have been entitled. Benefit is not limited to pecuniary gains nor to any particular kind of advantage. Husband could have renounced the will in Indiana but did not do so. Thus, he made an election to accept the will. That election, strictly speaking, is sufficient benefit to confirm the rule. Having elected to take under the will pursuant to Indiana probate proceedings, he cannot later disavow that election. In short, he cannot have it both ways. He either takes under the will or he doesn't. He made his election in Indiana. Now he must live with that election in Illinois.

For the reasons stated, the order of the Circuit Court of Iroquois County declaring an effective renunciation of the testator's will is reversed.

Reversed.

ALLOY and STOUDER, JJ., concur.