# Richmond

Lucretia B. Semones, etc. v. Roland E. Cook, Exec., etc.

January 13, 1947.

Record No. 3137.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston, Spratley and Buchanan, JJ.

The opinion states the case.

*Thomas J. Surface* and *Burks & Staples*, for the appellant.

*Martin & Martin* and *James A. Bear*, for the appellees.

Hudgins, J., delivered the opinion of the court.

Bernard Semones died intestate in February, 1945, leaving surviving him a widow, five brothers and sisters and a niece, the daughter of a deceased brother. The widow claimed that she was an heir of her husband and, as such,

entitled to share in the remainder of an estate bequeathed and devised to her husband by his uncle, Dr. J. W. Semones, whose will was probated on January 31, 1921. The pertinent provision of this will reads:

"Third: After the payment of my funeral expenses and other debts and special bequests as hereinbefore directed I give, bequeath and devise the residue of my entire estate of every kind and nature to my sisters, Mrs. Sue R. Cook, Mrs. Virginia Eheart, and the children of my brother, W. A. Semones, deceased, in the following proportion: One third to Mrs. Sue R. Cook, one third to Mrs. Virginia Eheart, and one third to the children of the said W. A. Semones, deceased, except that the share falling to my nephew Bernard Semones, son of my deceased brother W. A. Semones, is to be given to my nephew, Roland E. Cook, to be held in trust for the benifit of the said Bernard Semones, and invested for his benifit, and the interest arising from the aforesaid investment of said share shall be paid to the said Bernard Semones as it shall accrue, the said Roland E. Cook, having the discretion of investing said share as he shall deem for the best interest of the said Bernard Semones. The income arising from said share shall be paid to the said Bernard Semones during his natural life and at his death the whole of said share shall go to his natural heirs at law."

The respective parties submitted their case on the pleadings to the trial judge, who held that the widow was not included in the term, "his natural heirs at law," as used in the will. The following able opinion of the learned chancellor is so clear and convincing that we adopt it as the opinion of this court:

"There is nothing in the record to show of what this estate passing by the will consisted, whether real or personal property, or both; why the share falling to Bernard Semones was not given to him direct, but to Roland E. Cook to be held in trust for his benefit; whether Bernard Semones was married or had any children during the life time of the

testator. There is little evidence aside from the will to aid in its construction.

"The share falling to Bernard Semones was given to Roland E. Cook to be held in trust and invested for his benefit. The will provides, 'The income arising from said share shall be paid to the said Bernard Semones during his natural life and at his death the whole of said share shall go to his natural heirs at law.' The construction of this provision is the only issue involved in this case.

■ "The most that Bernard Semones took under this provision was a life estate, and even this was not vested in him, but in a Trustee. He was never seized of an estate which would descend to his heirs or pass to his distributees, or which he could devise or otherwise dispose of. His natural heirs do not take under Section 5264 or 5273 of the Code, but as persons designated to take by the will of J. W. Semones.

"It is manifest that if Bernard Semones had had a child surviving him, such child would have taken the entire share at his death, and the widow would have taken nothing, either as a dower or as a distributee.

■ "In a note to *Black v. Jones*, 264 Ill. 548, 106 N. E. 462, Ann. Cas. 1915D, 1173, at page 1178, there is a note on 'Heirs at Law', 'Heirs' or the like in will as including widow. It is therein stated (page 1178), 'In the absence of a contrary intention expressed in the will, the term "heirs at law", "heirs", or the like, as used in the disposition of realty, must be construed in its strict and primary meaning, signifying those entitled by law to inherit by descent the real estate of a deceased person, and consequently at common law and under the provisions of statutes similar to the English statute of descents, a widow is not included within such term in a will, unless an intention to the contrary is clearly expressed therein.' Also (same page) 'But in the absence of a patent intention to the contrary, if the local statute of descents entitles the widow to inherit real property, she is included within the term "heirs at law", "heirs" or the like in a will.'

"In Virginia, by Section 5264, the widow is an heir, if there are no children, parents, brothers or sisters.

"In the foregoing note at page 1180, it is stated that in the disposition of real and personal property together in the same clause, the term 'heirs at law' or the like, has the same limited and technical signification as in the case of a devisee.

■ "*Allison* v. *Allison*, 101 Va. 537, at page 563, 44 S. E. 904, 63 L. R. A. 920, holds that when a residuary clause of a will blends real and personal estate, and gives it to the heirs at law of the testator, the persons answering that description take the whole, and the widow takes no part thereof; there being nothing to indicate a contrary intention on the part of the testator.

"At page 1181 of the note in Ann. Cas. it is stated that in the separate disposition of personal property, while the term 'heirs at law' or the like is according to its primary meaning inapplicable, yet it is construed by the weight of authority to have its colloquial meaning of the next of kin by blood, thereby excluding the widow. At page 1183, *et seq.*, are set out authorities to the contrary, but it is stated at page 1184 that a contrary intention inferable from the language of the will, will prevent the widow from taking under a will using the term 'heirs' or the like, even in those jurisdictions adopting the minority rule.

■ "The term 'natural heirs' is construed in *Maynard* v. *Henderson*, 117 Ark. 24, 173 S. W. 831, Ann. Cas. 1917A, 1157. A note in Ann. Cas. 1917A, at page 1159, reviews the cases construing the term 'natural heirs', and states that this case holds that the term 'natural heirs' does not mean general heirs, but heirs of the body, and the weight of authority supports that view.

"In a note on the same subject in 45 L. R. A. (N. S.) 1163, appended to *Tea* v. *Millen*, 257 Ill. 624, 101 N. E. 209, 45 L. R. A. (N. S.) 1163, it is stated that the term 'natural heirs' seems to have no fixed meaning, but according to the context of the instrument, and the accompanying circumstances, may be either a term of limitation, or the equivalent of 'issue' or may simply denote certain individuals.

"The definition of 'natural heirs' in a number of the cases referred to in these notes, and in other cases, is found in Words and Phrases, page 4668, and in the Third Series at page 312.

"The law, as stated in these authorities, is that when it is held that the term 'natural heirs' should be strictly construed in a technical sense, it means children or issue; that when, from the context of the will, it appears that the term is not used in a technical sense, it means next of kin by blood, and may include brothers, sisters, mother, or aunt: that it has never been construed to include a widow.

"The will in question was obviously drawn by a man of education; but apparently not by an attorney. It devised the residue of his 'estate of every kind and nature' which is sufficient to devise real estate.

"It shows an intention to prefer certain of his nieces and nephews to a limited extent by 'special bequests' to them in the second clause of the will. It shows an intention to give the bulk of the estate to his blood kin in equal shares, according to their relationship to him, one-third each to his sisters, and one-third to the children of a deceased brother.

"The will does not name these children, other than Bernard and does not fix or limit the share each is to take in the one-third given them. It makes no provision as to how his share shall go if Bernard has no 'natural heirs at law'. There is nothing in the context of the will, nor in the circumstances, as far as they appear, to show that the testator knew the technical meaning of the words 'natural heirs at law', or used them in a technical sense. The contrary appears. The will shows that he intended to make a final and complete disposition of his property to his blood kin. Such an intent is accomplished by giving these words such a meaning. The will shows that he did not contemplate any failure of 'natural heirs', which might result in his partial intestacy, and the passing of a part of his estate from the natural objects of his bounty to strangers to him by blood. It shows that if he had intended these words to mean children, he would have used that word as he had in the preced-

ing sentence wherein he devised the one-third of his estate to the children of W. A. Semones. He obviously believes that beneficiary was not competent to handle his own affairs and that some advantage might be taken of him by marriage or otherwise by which he or his kin would be deprived of the property devised and inserted the word 'natural' as additional assurance that it must go to his blood kin.

"I am, therefore, of the opinion that the term 'natural heirs at law' as used in the will of J. W. Semones, means next of kin by blood, and that the widow of Bernard Semones, is not included in said designation, and the estate in controversy should go to the other claimants who are included."

For additional authorities, see the annotation following *Bundy* v. *Solon,* 384 Ill. 137, 51 N. E. (2d) 183, 157 A. L. R. 339, 347.

*Affirmed.*