# RUSSELL T. CARTER, SR.

### V.

# MARGARET MOOREFIELD KING, ET AL.

Record No. 831791

March 6, 1987

Present: All the Justices

*Meredith A. House (Kenneth C. Grigg,* on briefs), for appellant.
*Deborah S. O'Toole (Frank N. Cowan; Cowan & Owen,* on
brief), for appellees.

POFF, J., delivered the opinion of the Court.

On this appeal, we construe the statutes of descent to determine
whether the appellant, the surviving spouse of the intestate, is an
heir at law of the decedent.

The money at stake is the remainder of a portion of the corpus
of a testamentary trust created in 1920. Following a decision by
this Court in *Jewett* v. *Harvie,* 183 Va. 734, 33 S.E.2d 213
(1945), the Circuit Court of the City of Richmond, Division I,
entered a final decree holding that Mary Jones Carter had a life
estate in the funds at issue "with remainder to her heirs at law, to
be determined as of the date of her death."

Mary Jones Carter (the decedent or the intestate) died intestate
on July 26, 1982. She was survived by her husband, Russell T.
Carter, Sr. (Carter), and by two children of her former marriage,
William S. Moorefield, Jr., and Margaret Moorefield King. In a
proceeding initiated by a petition for distribution of the trust
funds in issue, Carter filed a motion for a decree declaring that he
was an heir at law of the decedent. In a final decree denying the
motion, the chancellor ordered the funds distributed in equal
shares to the decedent's two children, and we granted Carter an
appeal.

The parties agree that a surviving spouse was not an heir of the
decedent at common law, that an heir is generally defined as one
entitled by law to inherit a decedent's estate, and that the question
whether a surviving spouse is an heir at law in this Common-
wealth is governed by the provisions of Code § 64.1-1 and related
statutes in effect on the date of the decedent's death. *See Semones*
v. *Cook,* 185 Va. 929, 41 S.E.2d 13 (1947).

As amended by Acts 1982, c. 304, effective July 1, 1982, Code
§ 64.1-1 provided in part as follows:

When any person having title to any real estate of inheritance shall die intestate as to such estate, it shall descend and pass in parcenary to such òf his kindred, male and female, in the following course:

First. To the surviving spouse of the intestate, unless the intestate is survived by children or their descendants, one or more of whom are not children or their descendants of the surviving spouse, in which case such estate shall pass to the intestate's children and their descendants subject to the provisions of § 64.1-19.[1]

Code § 64.1-19 referenced in that statute is entitled "Dower or curtesy of surviving spouse." It reads today as it did on the date of the death of Carter's wife:

A surviving spouse shall be entitled to a dower or curtesy interest *in fee simple* of one third of all the real estate whereof the deceased spouse or any other to his use was at any time seized during coverture of an estate of inheritance, unless such right shall have been lawfully barred or relinquished. This section shall not change or enlarge the nature of any dower or curtesy interest retained in real estate transferred to a grantee or made the subject of a valid contract or not conveyed by the grantor's spouse prior to July one, nineteen hundred seventy-seven. (Emphasis added.)

The words "in fee simple" were added to the first sentence of the dower/curtesy statute by Acts 1977, c. 657. Carter argues that "[t]he one-third fee simple interest . . . is an estate of inheritance" and "not dower and curtesy, as defined by the common law." We disagree.

■ Characteristically, an estate of inheritance is one qualified to pass through an heir who predeceases an intestate to those derivatively eligible under the statute of descent. A dower/curtesy interest is not such an estate, because the interest never comes into existence if the wife/husband predeceases the intestate. Code § 64.1-19 defines the right of a surviving spouse in the decedent's

---

[1] The 1982 Act also contained a conforming amendment to Code § 64.1-11, the statute which prescribes the course of descent and distribution of the personal estate of an intestate.

real property as a "dower or curtesy interest" and fixes the scope of that interest. Although the 1977 amendment redefined the *dimensions* of that interest, it did not change its *character*. Accordingly, we reject the suggestion that the General Assembly intended the amendment to convert the right to dower or curtesy, a marital right, into a right of inheritance.

Pursuing his interpretation of the amendment to the dower/curtesy statute, Carter contends that the 1982 amendment to the statute of descent which, for the first time, named a surviving spouse "in the first class of succession", must be construed to evince legislative intent to treat the surviving spouse as an heir at law of the decedent whenever, as here, it becomes necessary to identify the heirs of an intestate. "[B]oth from the perspective of legal draftsmen and from the perspective of the intent of parties to [legal] documents," Carter says, "it is important that the term 'heir at law' have a consistent, uniform definition."

■ But such definition is the prerogative and responsibility of the General Assembly, and the language of Code § 64.1-1 makes it clear that a surviving spouse may be but is not always an heir of the deceased spouse. On the one hand, a surviving spouse is an heir when (1) the intestate dies without surviving children or their descendants or (2) the surviving spouse is the parent of all the intestate's children or the ancestor of the descendants of such children. On the other hand, a surviving spouse is *not* an heir of the decedent when, as here, "the intestate is survived by children or their descendants, one or more of whom are not children or their descendants of the surviving spouse". In such case, the "estate shall pass to the intestate's children and their descendants subject to the provisions of § 64.1-19."

■ As we construe the legislative intent underlying the 1982 Act amending Code §§ 64.1-1 and -11, such children (including the intestate's children born of his or her marriage to the surviving spouse)[2] and their descendants are the sole heirs at law of the decedent. As such, they are entitled to inherit the intestate's estate, both personal and real, subject to the dower or curtesy interest prescribed by Code § 64.1-19 on the date of the death of the intestate.

---

[2] See Acts 1985, c. 189, adding the word "all" as a modifier of the words "the intestate's children".

The chancellor ruled that Carter is not an heir at law of the decedent, and we will affirm the decree.

*Affirmed.*