(No. 31875.
MACK DILLMAN *et al.*, Appellees, *v.* JOHN DILLMAN *et al.*
(DORA B. DILLMAN, Appellant.)

*Opinion filed May 24, 1951—Rehearing denied September 17, 1951.*

ROBERT G. BURNSIDE, of Vandalia, for appellant.

TOWNSEND & TOWNSEND, of Mt. Carmel, and ALBERT E. ISLEY, guardian *ad litem,* of Newton, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal by Dora B. Dillman, widow of Guss Dillman, from a decree of the circuit court of Jasper County which ordered the partition of 706 acres of farm land and a residence property in Newton, owned by Dillman at his death. The complaint was filed by brothers and sisters of the decedent and by the descendants of deceased brothers and sisters. Appellant, Dora B. Dillman, was named a defendant along with certain other collateral kindred of the deceased, and parties in possession. She alone appeals from the decree, contending that it is erroneous insofar as it finds that she was not an heir-at-law of the decedent within the meaning of that term as used in his will, and insofar as it finds that her interest in the real estate being partitioned was limited to a life estate in the residence property in Newton. The appellees consist of all the parties, plaintiff and defendant, who were found to be the heirs-at-law.

The facts are undisputed. Guss Dillman died testate on August 22, 1947, leaving him surviving the appellant and Maude Beatrice Beckett, his daughter and only child. His will was admitted to probate and his estate administered. By the second paragraph of his will he gave his wife a life estate in some three hundred acres of farm land and in the residence property in Newton. The third paragraph devised the remainder in the farm land to his daughter, Maude Beatrice Beckett, and it is not involved in this proceeding. Paragraph 5 devised the residue of his real estate, including the remainder in the residence property referred to in paragraph 2, to his daughter for life. It is the residence and 706 acres of farm land embraced by this paragraph which are the subject of this litigation. Paragraph 6 then provides: "6. Upon the extinguishment of the life estates above created, I give and devise the remainder in said real estate unto my heirs at law then surviving and specifically direct that there shall

be no merging of estates until the death of my said daughter, and that the time of determining my heirs at law shall be immediately after the death of my said daughter, Maude Beatrice Beckett."

The testator's daughter died on January 5, 1950, and appellees then filed their complaint for partition alleging that they, together with certain of the defendants who are also appellees in this court, were collateral kindred of Guss Dillman and his only heirs-at-law; that as such, and under the provisions of the will above set forth, they were the owners as tenants in common of the lands embraced by paragraph 5 and 6 of the will, subject only to appellant's life estate in the Newton residence. Appellant, by her original counsel, filed an answer neither admitting nor denying the allegations of heirship and ownership, but affirmatively alleged that the complaint failed to set out her interest in the described premises, and asked that her interest be protected in any decree entered by the court. In addition she asked that she be reimbursed for moneys advanced for the payment of inheritance taxes. Separate answers were filed by other defendants.

On the hearing of the cause, all defendants not answering were defaulted and thereafter, by leave of court, the answer of appellant was withdrawn and it was ordered that the complaint be taken as confessed by all defendants except a minor and an oil company. The decree found the facts to be as alleged in the complaint, and ordered partition of the premises among the appellees subject to appellant's life estate in the Newton residence. The premises were found not to be susceptible to partition and were sold by the master in chancery for the sum of $67,806.20; the report of sale was confirmed by order entered October 27, 1950.

Four days later appellant and Roy Beckett filed a joint petition setting up the payment of inheritance taxes by the executrices of the estate of Guss Dillman, and their

right to reimbursement therefor. No ruling was ever obtained on this pleading, thus it is not before us on this appeal. On November 9, 1950, counsel who appears for appellant in this court, entered his appearance in the circuit court and filed a motion to vacate the decree of partition. When this motion was resisted by appellees it was withdrawn by leave of court, without prejudice, and appellant then filed notice of appeal from the decree of partition to this court.

In resisting the appeal, it is first strongly contended by appellees that since appellant did not raise or allege in the trial court the rights which she now asserts in this court, she is estopped from doing so, and that the decree of partition being a consent decree, cannot be reviewed by appeal in this court. On examination of the decree we find the following language: "And now come the Defendants, Dora B. Dillman, * * * and ask leave of the court to withdraw their answers filed herein, and state to the court they do not desire to file any further pleadings in this cause, and are ready for, and consent to, this cause proceeding to hearing upon the complaint and the other answers herein. It is, therefore, ordered by the Court that said Defendants be and they are hereby granted leave to withdraw their answers heretofore filed and that with their consent this cause proceed to hearing upon the complaint and other pleadings remaining on file herein, there being reserved, however, to said defendants the right of appearance herein by their said attorney for the purpose of making any proper objections or further motions or pleadings in this cause as may become necessary or proper prior to the final disposition of this cause."

A consent decree is not a judicial determination of the rights of the parties. It does not purport to represent the judgment of the court but merely records the agreement of the parties, and a decree so entered by consent cannot be reviewed by appeal or writ of error, except where the

interests of the public are affected. (*Bergman* v. *Rhodes,* 334 Ill. 137; *Massell* v. *Daley,* 404 Ill. 479.) The decree in this case is in no sense a consent decree, but rather, by its very terms, is a *pro confesso* decree. Although appellant consented to proceeding with the cause to hearing on the complaint and the answers of other defendants, she reserved the right of appearance for the purpose of making proper objections, motions or pleadings. She did not consent to the decree nor can such consent be implied from the fact that she was present in court by her attorney when the decree was entered. Since leave of court was obtained to withdraw the appellant's answer, the decree entered was, as to her, a decree by default or *pro confesso* as provided by section 50(6) of the Civil Practice Act. Ill. Rev. Stat. 1949, chap. 110, par. 174(6).

While a decree *pro confesso* concludes a defendant, against whom it is entered, as to all matters of fact properly alleged in the complaint, yet such defendant cannot be held to have confessed any conclusions of the pleader or matters of law so alleged. (*Monarch Brewing Co.* v. *Wolford,* 179 Ill. 252; *Ames* v. *Holmes,* 190 Ill. 561; *Rice Co.* v. *McJohn,* 244 Ill. 264.) When defaulted, one may be heard in a court of review to insist that, admitting all that is alleged, the judgment against him is unwarranted. It is also the rule that a judgment rendered by default may be reviewed as to alleged errors on the face of the record. (*Roe* v. *County of Cook,* 358 Ill. 568; *Markley* v. *City of Chicago,* 170 Ill. 358.) Particularly applicable is the case of *Ames* v. *Holmes,* which states that if the bill, which sets forth and relies upon a will as the basis of partition, upon its face fails to support the decree, the defaulted defendant may question that decree upon review.

When considered in the light of the foregoing cases, appellees' contention that appellant is now estopped to assert rights not pleaded in the trial court is without merit,

since the decree appealed from is a decree *pro confesso*. Appellees' argument also overlooks section 5 of the Partition Act, (Ill. Rev. Stat. 1949, chap. 106, par. 48,) which provides: "The Court shall ascertain and declare the rights, titles and interest of all the parties to such suit, the plaintiffs as well as the defendants, and shall give judgment according to the rights of the parties."

The remaining issue to be determined is whether, under a proper construction of the will of the decedent, his widow, the appellant, is to be construed as being one of the heirs-at-law who share in the remainder of the real estate devised by paragraph 6. In reaching such a determination two questions must be answered. First, does the widow of a decedent, who died August 22, 1947, qualify as one of the "heirs-at-law" of such decedent within the technical meaning of that term under the laws of this State then in force, and, second, does it appear, after due consideration of all the terms and provisions of the last will and testament of Guss Dillman, and of the facts in evidence, that the term "heirs-at-law" was not employed by the testator in its technical sense.

Whether one is an heir-at-law is determined by statute, and, generally, an heir is designated as one who succeeds by descent to lands, tenements and hereditaments, or is a person appointed by law to succeed to an estate in case of intestacy. (*Barker* v. *Walker*, 403 Ill. 302; *Ness* v. *Lunde*, 394 Ill. 286; *Bundy* v. *Solon*, 384 Ill. 137; *McCormick* v. *Sanford*, 318 Ill. 544.) Whether one is an heir as defined by statute, in some instances depends on what kindred survive the decedent. Prior to 1923, the widow did not inherit any portion of the real estate where there were surviving children, but took an estate of dower. However, the statute of descent was amended in 1923, (Laws of 1923, p. 325,) and provided that where an intestate died leaving a widow and also a child or children, the widow was to receive as her absolute estate, in lieu

of dower, one third of the personal property and one third of each parcel of real estate in which dower was waived. While the estate is not immediately vested by law, it may so be vested by her own act, that is her failure to elect to take dower within the statutory period, and is in the nature of a conditional fee which is subject to be terminated by her election or death within said period without having made an election. In this sense she has a right to be considered as an heir, because such status may be changed by her own act. *Bundy* v. *Solon,* 384 Ill. 137.

Appellees contend that two things must occur to make a surviving spouse an heir of a deceased spouse. First, the decedent must die without children or descendants of children, and, second, he must die intestate. We do not find this to be the law of Illinois. This court has frequently held that the term "heirs-at-law" refers to such as are made so by the statute, and are the person or persons on whom the law casts the estate in case of intestacy. (*Rawson* v. *Rawson,* 52 Ill. 62; *Richards* v. *Miller,* 62 Ill. 417.) In this present case, this would include Guss Dillman's widow and daughter at the time of his death, but since he fixed the time for determining the class to be at the death of his daughter, appellant would be divested of her interest only upon her failure to survive Maude Beatrice Beckett. While it is sometimes stated that there are no heirs-at-law where property passes under a will, this argument was refuted in *Richards* v. *Miller,* 62 Ill. 417. We said there: "It is strenuously objected, that the husband cannot be regarded as an heir because the wife died testate; and that the statute makes him an heir only in case of intestacy. The same objection would apply to the brothers and sisters who are contesting the distribution of the surplus; for they could only be heirs-at-law, upon the death without children and without a will. * * * The same statute, by the aid of which we determine that the brothers and sisters are heirs-at-law, also makes the

husband heir-at-law." Our first inquiry must, therefore, be answered in the affirmative; appellant may qualify as an heir-at-law within the technical meaning of the statute presently controlling the law of descent. Ill. Rev. Stat. 1949, chap. 3, par. 162.

The word "heirs" is a technical word with a fixed legal meaning when used in a will, and, unless controlled by or inconsistent with the context, must be interpreted according to its strict legal meaning, and when thus construed it includes and designates all those persons, whether many or few, upon whom the law would cast the inheritance in case of intestacy. (*Richards* v. *Miller,* 62 Ill. 417; *Lydick* v. *Tate,* 380 Ill. 616; *Martin* v. *Casner,* 383 Ill. 260; *Cahill* v. *Cahill,* 402 Ill. 416.) While a testator is allowed to ignore, either in part or altogether, the rules laid down in the statute as to where the estate of a decedent shall go, it will not be presumed that it was his intention to disregard the law as it is contained in the statute in any part, unless the terms of the will are such as to make this intention manifest. (*Cahill* v. *Cahill,* 402 Ill. 416; *Dollander* v. *Dhaemers,* 297 Ill. 274.) On the other hand, the technical meaning of the word "heirs" will not be given effect to defeat the obvious intention of a testator. *In re Estate of Fahnestock,* 384 Ill. 26.

We find no language in the will which indicates an intention of the testator to exclude his spouse as one of his heirs in event she survived the daughter. On the contrary, an examination of paragraph 6 of the will leads to the conclusion that the testator fully intended that his wife might be one of the class referred to as his heirs-at-law. It is a fundamental rule in determining the testator's intention that the whole will must be considered and effect given to each sentence, phrase or word if possible to do so. (*Jackman* v. *Kasper,* 393 Ill. 496.) The court must consider the will in all its parts in their relation to each other to ascertain the intention of the testator in any particular

provision, (*Baley* v. *Strahan*, 314 Ill. 213,) and, if possible, construe the will so that no language used by the testator is treated as surplusage or rendered void or insignificant. (*Hayden* v. *McNamee*, 392 Ill. 99.) Where one construction of a will renders a portion of it meaningless, and another gives effect to all the words used, the latter should be adopted. (*Scott* v. *Crumbaugh*, 383 Ill. 144; *Weilmuenster* v. *Swanner*, 404 Ill. 21.) When we consider the portion of paragraph 6 which states: "and [I] specifically direct that there shall be no merging of estate until the death of my said daughter," in the light of the foregoing rules, we find that the testator must have anticipated that appellant take, in addition to her life estate, a remainder in fee as one of the class of his heirs-at-law, conditioned upon her surviving the daughter. The only estates created and subject to merger were appellant's life estate in the residence property in Newton, devised in paragraph 2, and a remainder in the same property devised by paragraph 6. To construe the will otherwise would render the quoted language meaningless, as no other estates were created by the will which were subject to merger either before or after the daughter's death.

Appellees contend that paragraph 11 of the will shows an intent of the testator that his widow not be included as one of the class of his heirs-at-law. The language therein is as follows: "11. I hereby direct that the provisions contained herein for the benefit of my said wife, Dora B. Dillman, shall be received and accepted by her in lieu of all dower, homestead, widow's award or other interest which she may have or be entitled to in my estate according to the laws of the State of Illinois in effect at the time of my death." There is nothing contained in the foregoing language, or in any other part of the will, which indicates that the contingent remainder devised to appellant was not one of the provisions of the will for the benefit of the wife within the meaning of the language used by the

testator. This interest of the appellant arises from the provisions of the will and not by the effect or action of law operating independently of the will.

Appellees also argue that the marriage relationship of appellant to the testator terminated at his death, and that his fixing the time of determining his heirs-at-law to be immediately after the death of his daughter, which occurred some two years after the termination of the marriage relationship, was an indication on his part that he intended to exclude his wife from the class of his heirs-at-law. In the absence of a definite expression of intention on the part of the testator, the contention must fail when the entire will is considered, for, again, such interpretation would render meaningless the clause referring to the merging of estates. The conclusion remains that the testator did not use, or intend to use, the words "heirs-at-law" in paragraph 6 in other than their technical sense.

Necessarily, therefore, the decree for partition erroneously excluded appellant as one of the decedent's heirs-at-law, and should have found her to be the owner of an undivided one-half of the real estate being partitioned in addition to her life estate in the residence property. The appeal in this case was not taken within thirty days from the entry of the decree nor made a *supersedeas,* and appellant in her notice of appeal requests only a decree that she be entitled to have and receive one-half of the net proceeds resulting from the sale by the master after payment of all costs and charges. Upon remandment, the circuit court is directed to enter a decree distributing to appellant one half of the net proceeds of such sale.

The decree of the circuit court of Jasper County is therefore reversed and the cause remanded, with directions to proceed in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*