THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HOWARD KRUEGER, Defendant (Andrew J. Schneider and Geraldine R.
Schneider, Defendants-Appellants).

Third District No. 3—85—0555

Opinion filed June 2, 1986.—Rehearing denied August 22, 1986.

Geraldine R. Schneider, of LaMoille, for appellants, *pro se.*

Marc Bernabei, State's Attorney, of Princeton (John X. Breslin, of State's Attorneys Appellate Service Commission, and Scott Madson, Assistant State's Attorney, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Defendant appeals a default judgment entered by the circuit court of Bureau County. The court found that defendants were in violation of a local zoning ordinance, ordered defendants to comply with the ordinance, and directed the sheriff of Bureau County to abate the violation in the event that defendants failed to comply with the ordinance. The facts follow.

On December 18, 1981, the county of Bureau (county) filed an amended complaint alleging that defendants, Andrew J. Schneider and Geraldine R. Schneider, as owners or possessors of certain property situated in the county, were in violation of a county zoning ordinance in that defendants stored tractor trailers on that property. The county requested that a monetary penalty be assessed against defendants.

Defendants, through an attorney, filed a notice of special appearance. On June 4, 1982, defendants filed three motions to dismiss, arguing that the amended complaint should be dismissed because: (1) defendants have no control or possession over the relevant property; (2) defendants' use of the property constitutes a valid nonconforming preexisting use, and (3) first amendment protections prohibit enforcement of the ordinance against defendants. Although a hearing on the motions was scheduled, the record does not reveal whether the court acted upon the motions.

Following withdrawal of defendants' attorney and substitution of a new judge, the court on July 23, 1985, granted leave to the county to file a second amended complaint. The second amended complaint contained three counts. All three counts alleged that defendants were in violation of a county zoning ordinance. Count I requested that a monetary penalty be assessed against defendants; count II requested that an injunction be issued ordering defendants to comply with the ordinance; count III requested an order directing the sheriff of Bu-

reau County to abate the violation. Defendants were ordered to respond to the complaint within 28 days.

On August 23, 1985, a nearly incomprehensible letter from defendant Andrew Schneider was received by the court.

On August 23, 1985, the court entered an order finding that defendants failed to file responsive pleadings and were therefore in default. The matter was continued to August 30, 1985, and notice was sent to defendants informing them of the continuance.

On August 28, 1985, a letter from defendant Geraldine Schneider was received by the court. In her letter she stated that the letter from her husband served as an answer. She also challenged the jurisdiction of the court and the propriety of enforcing the zoning ordinance against her and her husband.

On August 30, 1985, another nearly incomprehensible letter from Andrew Schneider was received by the court.

On August 30, 1985, a hearing was held at which defendants failed to appear. The court took judicial notice of records kept by the clerk of Bureau County indicating that defendants held title to the subject property. The county also presented evidence showing that defendants possessed the subject property. The county presented evidence showing that defendants' use of the subject property violated applicable zoning ordinances. The subject property was classified as R2—a classification for single-family residential use. Defendants' use of the property violated the zoning classification in that defendants kept approximately 11 to 14 trailers on the property with writing on the sides of the trailers. Arguing that a monetary penalty would be insufficient to compel compliance with the ordinance, the county sought leave to withdraw count I of the second amended complaint.

On the same date as the hearing, the court entered a written order finding defendants in violation of the ordinance. The court granted the State's request to withdraw count I of the second amended complaint. The court ordered defendants to achieve compliance with the ordinance by removing the trailers and signs by 6 p.m. September 6, 1985. The court authorized and directed the sheriff of Bureau County to abate the violation in the event that defendants failed to comply with the court's order.

A notice of appeal was filed September 5, 1985. Although the notice stated that the appeal was taken by both Andrew and Geraldine Schneider, only Geraldine signed the notice.

On September 6, 1985, the court received another nearly incomprehensible letter from Andrew. Another such letter was filed on September 17, 1985.

Although Geraldine has filed a brief in this court, Andrew has failed to do so. In her brief Geraldine argues that: (1) the action below was not taken against her properly since the subject property was owned by the Wayside Bible Church; (2) the use made of the subject property by the Wayside Bible Church and defendants constitutes a valid nonconforming preexisting use. Geraldine seeks reversal of the default judgment and remandment for a new trial. The county argues that the issues raised by Geraldine are not properly before this court and are nevertheless without merit. Before reaching the arguments of the parties, we must first address two preliminary matters.

■ First, although the record fails to reveal whether the court ruled upon defendants' motions to dismiss, the judgment below is nonetheless final for purposes of appeal. Rule 2.1(j) of the Rules of Practice of the Circuit Court for the 13th Judicial Circuit provides that "the burden of obtaining an allotment for hearing in a civil case is on the party making the motion." The rule provides further that if a hearing is not obtained by the moving party within 90 days from the filing date, the motion may be deemed withdrawn and the relief requested therein may be denied. Therefore, we must assume that defendants' motions were deemed withdrawn and the relief requested therein was denied.

■ Second, although the notice of appeal states that an appeal has been taken on behalf of both Andrew and Geraldine Schneider, only Geraldine has signed the notice of appeal. Rule 303(c)(3) (103 Ill. 2d R. 303(c)(3)) provides that the notice of appeal "shall contain the signature and address of each appellant or his attorney." Because the notice of appeal was not signed by Andrew, we consider the appeal herein to have been taken by only Geraldine. The letters filed by Andrew after the entry of the default judgment are not in the form required of notices of appeal (see 103 Ill. 2d R. 303(c)(1)) and cannot be considered as Andrew's notice of appeal.

■ We now turn to the question of whether the circuit court properly entered a default judgment against defendant Geraldine Schneider. Section 2—1301(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1301(d)) provides:

> "(d) Judgment by default may be entered for want of an appearance, or for failure to plead, but the court may in either case, require proof of the allegations of the pleadings upon which relief is sought."

Because defendants failed to file an answer, the court acted properly in entering a default judgment.

■ In the circuit court both defendants argued that the August

23, 1985, letter from Andrew served as an answer to the complaint. However, that letter did not respond to the complaint in any manner. After referring to the judge as "Old Hell-is-From (Ellison)" and the clerk of the court as the "jerk of the court," Andrew enclosed a list of songs to be played at various stages of a trial and a copy of his own court rules including rule No. 3 stating, "Prosecutor must sign complaint with the appropriate color of 'no point' crayon (yellow) and only after his 'Mommy' gives him permission." Such "pleadings" should not and will not be tolerated. Although *pro se* litigants enjoy the same rights as parties represented by counsel, they also bear the same responsibilities. While documents filed by *pro se* litigants are to be liberally construed, even a liberal construction would not add meaning to the documents filed below.

■ Geraldine raises issues on appeal concerning first amendment protections and nonconforming uses. On appeal from a default judgment the only issues which can be raised concern errors appearing on the face of the record and the sufficiency of the complaint. (*Dillman v. Dillman* (1951), 409 Ill. 494, 100 N.E.2d 567; *Phoenix Insurance Co. v. Perkey* (1879), 92 Ill. 164.) Also, if following the entry of a default the trial court requires plaintiff to present evidence to prove the allegations of the complaint, defendant can also challenge the default judgment based on the legal insufficiency of the evidence to sustain the allegations of the complaint. (*George William Hoffman & Co. v. Capital Services Co.* (1981), 101 Ill. App. 3d 487, 428 N.E.2d 600.) Because a default judgment is based solely on techniques of procedure, it is subject to close or careful scrutiny. (*Trojan v. Marquette National Bank* (1967), 88 Ill. App. 2d 429, 232 N.E.2d 160; *Westmoreland v. West* (1958), 19 Ill. App. 2d 161, 153 N.E.2d 275; *Sunga v. Lee* (1957), 13 Ill. App. 2d 76, 141 N.E.2d 63; *Lichter v. Scher* (1956), 11 Ill. App. 2d 443, 138 N.E.2d 66.) Geraldine has neither pointed to errors which appear on the face of the record nor challenged the sufficiency of the complaint nor the sufficiency of the evidence presented to sustain the allegations of the complaint. Moreover, our review of the record reveals no errors and no insufficiencies. Geraldine raises on appeal matters which should have been raised in defense. One who voluntarily submits to a default impliedly admits that the action against him is just and that he has no defense. (*Roe v. County of Cook* (1934), 358 Ill. 568, 193 N.E. 472.) Therefore, the issues raised by Geraldine are not properly before this court.

Even if the arguments raised by Geraldine were properly before this court, they would have failed on the merits. Nowhere in the record is there evidence showing that the subject property was owned by

a church rather than by defendants. The evidence presented by the county at the hearing showed that defendants were in violation of any previous zoning ordinances as well. If a use is illegal at its inception, it cannot be a valid nonconforming use so as to be protected from elimination for violation of zoning ordinances. *Welch v. City of Evanston* (1980), 87 Ill. App. 3d 1017, 409 N.E.2d 450.

For the foregoing reasons, the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur.