NOTICE

Decision filed 06/18/21. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2021 IL App (5th) 200207-U

NO. 5-20-0207

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| PERRY COUNTY HOUSING AUTHORITY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Perry County. |
| | ) | |
| v. | ) | No. 20-LM-21 |
| | ) | |
| ANZANO P. CHAMBLISS, | ) | Honorable |
| | ) | Julia R. Gomric, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Cates concurred in the judgment.

**ORDER**

¶ 1     *Held*: The circuit court did not err by entering a default judgment against the defendant for eviction during an *ex parte* hearing where the defendant was unable to attend due to incarceration and the defendant failed to enter a written appearance or file an answer to the complaint.

¶ 2     The defendant, Anzano P. Chambliss, appeals the circuit court of Perry County's June 25, 2020, order entering a default judgment against him in an eviction action filed by the plaintiff, Perry County Housing Authority. For the following reasons, we affirm the circuit court's entry of default judgment against the defendant.

1

¶ 3                           I. BACKGROUND

¶ 4     On June 22, 2020, the plaintiff, Perry County Housing Authority, filed a "complaint for eviction" through its executive director, Stephanie Brand, wherein it requested a judgment for possession of one of its properties and eviction of its current tenant, the defendant. In the complaint, the plaintiff alleged that the parties had entered into a written lease agreement on December 2, 2019, wherein the defendant agreed to lease the property at issue. A copy of the lease agreement was attached to the complaint. The plaintiff alleged that the defendant subsequently violated various provisions of the lease in that he engaged in disruptive behavior with other residents and/or housing employees on May 4, 2020, and May 18, 2020. The plaintiff also alleged that the defendant was arrested sometime around May 16, 2020, for a Class 2 felony of unlawful use or possession of weapons by a felon and that the defendant at the time of the filing was incarcerated in the Perry County jail as a result, with the charges stemming from the incident still pending. The plaintiff further alleged that the defendant also violated various provisions of the lease when he disconnected electricity and gas service to the residence on or about May 19, 2020.

¶ 5     Prior to filing its complaint, the plaintiff sent various letters to the defendant informing him of the complaints being made regarding his behavior on the premises. The letters indicated that the actions taken by the defendant constituted violations of his lease agreement and that multiple violations would result in eviction from the premises. These letters were sent on May 4, 2020, and May 18, 2020. A final letter titled, "Thirty (30)

Day Notice of Intention to Terminate Tenancy and Notice of Eviction," was served upon the defendant on May 22, 2020, while he was still incarcerated.

¶ 6     On June 22, 2020, the defendant was served with a summons, CARES Act Certification, and the complaint for eviction relating to the eviction action and informed that he needed to appear in court at 9 a.m. on June 25, 2020, to answer the complaint filed against him.

¶ 7     On June 25, 2020, at the initial hearing on the matter, the circuit court noted the defendant's absence, that he failed to file an entry of appearance or answer, and that he had been properly served with the summons and the complaint. The plaintiff's attorney informed the circuit court that the defendant was incarcerated in the Perry County jail. Further, the executive director for the housing authority was present at the hearing, and she informed the circuit court that the defendant had directed Ameren to turn off the power and the gas to his apartment while he was incarcerated. At the time of the hearing, the power and gas remained off, in violation of the lease agreement. The plaintiff's attorney informed the circuit court that the defendant had been accused of having a weapon and that he was a felon living on the plaintiff's property. The court was further informed that the defendant had been charged with at least one count of a Class 2 felony and that he was looking at Class X sentencing due to his prior criminal history.

¶ 8     The circuit court then found that the matter at issue was a civil matter in nature, that the defendant was properly served with notice, and that he was not entitled to be writted in or transferred from the county jail on this civil matter. The court went on to note that "there are objective reasons that he has broken the lease and the [c]ourt also

3

finds *** the reasons that he broke the lease fall into a category that would entitle this [c]ourt and the [c]ounty to evict Mr. Chambliss regardless or in keeping with Governor Pritzker's stay regarding evictions that this is an exception to that stay." The circuit court then found in favor of the plaintiff and entered an eviction order against the defendant.

¶ 9    On July 14, 2020, the defendant filed a *pro se* "motion of appeal" which the circuit court interpreted as a notice of appeal. This timely appeal followed.

¶ 10                                II. ANALYSIS

¶ 11    As a preliminary matter, we address the pending issue of whether to supplement the record on appeal. During the course of this appeal, the defendant filed a "motion to suppress evidence" in the circuit court. That document was in turn sent to this court by the trial court, and our receipt of that document has been interpreted as an attempt by the defendant to supplement the record on appeal with this "motion to suppress evidence" pleading which was filed after the circuit court's entry of a default judgment. Because the document was not considered by the trial court in rendering its decision and the motion is not a proper motion, we deny the request to supplement the record on appeal.

¶ 12    Now, we turn to the issues raised on appeal.

"We recognize that [the defendant] is proceeding *pro se* on this appeal. However, when litigants appear *pro se*, their status does not relieve them of their burden of complying with the court's rules. [Citations.] ' "While this court is not bound to enforce strict, technical compliance with the rules where, despite minor inadequacies in an appellate brief, the basis for an appeal is fairly clear [citation], a party's failure to comply with basic rules is grounds for disregarding his or her

4

arguments on appeal." ' [Citation.] Supreme court rules are not advisory suggestions, but rules to be followed. [Citation.] Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal. [Citations.] Accordingly, since [the defendant]'s brief fails to comply with the requirements of Rule 341, we may, in our discretion, dismiss his appeal. [Citation.] However, we will proceed to consider [the defendant]'s arguments, despite the serious deficiencies in his briefing, because the issues presented are easily resolved. [Citation.]" *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32.

¶ 13    The first issue the defendant argues is that his due process rights were violated when the circuit court entered a default judgment against him without "allowing" him to be present at the hearing because he has a right to "face his accuser." The defendant cites no authority to support his assertion. We believe the defendant is attempting to raise a violation of his procedural due process rights given the circumstances surrounding his case. "A procedural due process claim presents a legal question subject to *de novo* review." *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 201 (2009). "Procedural due process claims challenge the constitutionality of the specific procedures used to deny a person's life, liberty, or property." *Id*. "Due process is a flexible concept, and ' "not all situations calling for procedural safeguards call for the same kind of procedure." ' [Citations.]" *Id*. The Illinois Supreme Court has listed the following factors that should be considered in evaluating a procedural due process claim: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such

5

interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." (Internal quotation marks omitted.) *Id.*

¶ 14 The defendant in his brief takes the position that the due process clauses (we assume of both the federal and state constitutions) assure him the right to be present in court throughout proceedings to which he is a party, whether those proceedings be civil or criminal. "[The d]efendant's assertion is correct insofar as it states the general rule, but it is not to be taken as an absolute." *In re Marriage of Allison*, 126 Ill. App. 3d 453, 456-57 (1984). "It is obvious that conviction of a crime and incarceration serve to alter drastically the constitutionally protected status of inmates. Although the very purpose of imprisonment is to deprive persons of many of the rights possessed by citizens, the loss is not total. Chief among the rights that prisoners lose is, of course, the right to freedom of travel and movement. Accordingly, prisoners are not free to attend upon trials in civil cases, even though they may be a party to the proceeding." *Id.* at 457. Ultimately, "[w]hether the testimony of a prisoner is sought for a civil or a criminal case, and whether or not the prisoner is a party to the case, it is a matter that lies within the sound discretion of the court whether to issue an order of *habeas corpus ad testificandum.*" *Id.* at 459.

¶ 15 Typically, when claims are made of constitutional violations of procedural due process, they follow a court's denial of an incarcerated individual's formal appearance and formal request to attend. Importantly, in the present matter, the circuit court did not

6

refuse to issue such an order. The defendant was properly served with the summons and complaint, but never entered a written appearance, never answered the complaint, never filed a motion requesting an order of *habeas corpus ad testificandum*, never tried to continue the hearing, and never tried to have the default judgment vacated within the 30 days following the entry of the judgment. While the circuit court could have taken the time and expended the resources to transport the defendant from the jail, the circuit court ultimately felt this was not necessary given the facts of this case. The defendant had already admitted in a letter to the plaintiff's counsel that he had terminated electric power and gas to the apartment, and the circuit court was able to take notice of the criminal charges pending against the defendant. Thus, his presence at the hearing would not have changed or altered the outcome of the hearing. Further, this hearing took place in June of 2020, during what can largely be considered the height of the Covid-19 pandemic. It can safely be stated that the interests in the health and safety of everyone involved was better served by the circuit court not *sua sponte* deciding to bring the defendant in for a hearing at the courthouse when he did not even attempt to respond to the complaint filed against him.

¶ 16    In this case, the defendant failed to physically appear, enter a written appearance, or answer the allegations stated in the complaint against him. The result is no different from any other civil default judgment. As prescribed by Illinois law, in an eviction proceeding, "[i]f the defendant does not appear, having been duly summoned as herein provided the trial may proceed *ex parte*, and may be tried by the court, without a jury." 735 ILCS 5/9-109 (West 2020). We find no statutorily prescribed exclusion for those

incarcerated. Thus, because the defendant had no statutorily prescribed right to be present at the proceeding for an eviction, and because of the other reasons previously stated relating to the circuit court's exercising of its discretion, we find that the defendant's procedural due process rights were not violated when the circuit court entered a default judgment against him, evicting him from public housing when he failed to appear or answer, despite his incarceration.

¶ 17   The remaining issues raised by the defendant relate to the propriety of the circuit court's entry of the default judgment. The defendant in his brief attempts to argue various defenses to the allegations in the plaintiff's complaint.

¶ 18   As previously discussed, a circuit court may enter a default judgment when a defendant fails to appear in court or fails to plead. 735 ILCS 5/2-1301(d) (West 2020). "On appeal from a default judgment the only issues which can be raised concern errors appearing on the face of the record and the sufficiency of the complaint." *People v. Krueger*, 146 Ill. App. 3d 530, 534 (1986).

¶ 19    A defendant may not raise on appeal from a default judgment for the first time "matters which should have been raised in defense." *Id*. Stated differently, because a default judgment impliedly admits the claims in the complaint against the defendant, the defendant may not, on appeal, deny or defend against the claims in the complaint. *Id.*

¶ 20   Here, the defendant does not challenge the sufficiency or propriety of the complaint, nor does he point to any errors on the face of the complaint. Moreover, our review of the record reveals no errors or insufficiencies with the complaint. Further, we

note that the complaint was verified by the plaintiff's executive director, Stephanie Brand.

¶ 21 Instead, the defendant attempts to defend the allegations against him for the first time during this appeal by arguing that the allegations did not constitute true violations of the lease agreement. These are the issues that needed to be raised and decided by the circuit court. Any defenses must be presented in the circuit court before they can be reviewed. Therefore, the issues raised by the defendant are not properly before this court on appeal. The proper place to raise these issues is in a petition for relief from judgment. See 735 ILCS 5/2-1401 (West 2020).

¶ 22                                    III. CONCLUSION

¶ 23 For the foregoing reasons, we affirm the entry of the default judgment against the defendant by the circuit court of Perry County on June 25, 2020.


¶ 24 Affirmed.