NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241133-U

NO. 4-24-1133

IN THE APPELLATE COURT

FILED
May 9, 2025
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| JESSICA S. HAUN, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Warren County |
| MATTHEW M. FRAKES, | ) | No. 23MR27 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James Standard, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HARRIS delivered the judgment of the court.
Justices Zenoff and Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Defendant failed to establish that the trial court erred by entering a default judgment
against him and in plaintiff's favor.

¶ 2     Defendant, Matthew M. Frakes, appeals *pro se* following the trial court's entry of

a default judgment against him and in favor of plaintiff, Jessica S. Haun. He argues that, during

the underlying proceedings, plaintiff failed to provide him with proper notice of a discovery

deposition. Defendant maintains the lack of proper notice prevented him from presenting his

defense to plaintiff's claims, violated his due process rights, and affected the court's jurisdiction

over the proceedings. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On December 20, 2023, plaintiff filed a complaint for declaratory judgment against

defendant, alleging that he fraudulently induced her into engaging in a joint venture with him "for

raising cattle and selling hay." Plaintiff maintained she contributed "significant funds" to the joint venture but that, ultimately, it "broke down and was terminated because of certain conduct by *** defendant." She asked the trial court to grant her the following relief:

"I.     Declare that Defendant fraudulently, willfully, or recklessly induced Plaintiff to borrow funds *** and continue operations based on his false representations.

II.     Declare that Plaintiff reasonably relied on Defendant's initial and ongoing fraudulent representations and his concealment of the actual disposition of Plaintiff's investment.

III.     Declare that a joint venture existed between the parties.

IV.     Define the terms of the original venture and the intended contributions and actual contributions of each party to that venture.

V.     Order an accounting of the joint venture's operations and expenditures.

VI.     Adjudicate the ownership of the cattle ***.

VII.     Award Plaintiff actual and punitive damages and costs.

VIII.     Adjudicate the remaining rights and liabilities of the parties."

¶ 5     On December 21, 2023, defendant was served with a summons and a copy of the complaint. The same date, the trial court entered a written order, stating that both parties had appeared before it at a hearing and, by agreement, were ordered to have no direct personal contact or communication with one another without leave of the court during the pendency of the case.

¶ 6     On January 26, 2024, defendant *pro se* filed a motion for an extension of time to file his response and answer. In his motion, he provided his contact information, identifying his

street address as 321 280th Avenue, Little York, Illinois (Little York address), and his e-mail address as frakescattlecompany@gmail.com. The record fails to reflect that defendant's motion was either noticed for hearing or ruled upon by the trial court.

¶ 7        On April 1, 2024, plaintiff filed a motion for a default judgment. She alleged that on January 23, 2024, her counsel sent a letter to defendant "indicating that he was in default." Thereafter, defendant filed his *pro se* motion for an extension of time to file his answer but did not schedule the motion for a hearing. Plaintiff further alleged that in February 2024, she received communications from an attorney on defendant's behalf "to confirm an agreement to forego [*sic*] entry of a default judgment so that mediation could be scheduled." The following month, the attorney withdrew from representing defendant and mediation was canceled. Plaintiff noted that it had been over 90 days since defendant was served with the summons in the case. She asked that the trial court enter default findings in her favor if defendant failed to respond to her complaint by the time her motion for default was set for hearing. Plaintiff maintained she had served defendant with a copy of her motion for default and a notice of hearing by both regular and certified mail. The record reflects both mailings were sent to defendant's Little York address and that the hearing on the motion for default was set for April 22, 2024. Plaintiff later filed a copy of the certified mail receipt, showing that, on April 1, 2024, defendant received the documents she mailed to him at the Little York address.

¶ 8        On April 22, 2024, the trial court conducted a hearing in the matter. Defendant appeared *pro se* by phone. At the outset of the hearing, plaintiff's counsel apologized for "incorrectly telling [defendant] where to go for th[e] hearing." The parties and the court then discussed documents that defendant submitted "over the internet" in response to plaintiff's complaint. Ultimately, the court advised defendant regarding the proper format of an answer before

continuing the matter and granting defendant 21 days to file his responsive pleading. Plaintiff's counsel also suggested that the case be scheduled for "a status conference with everyone present" in late May 2024. The court agreed and informed defendant as follows: "You'll get a copy of an order from [plaintiff's counsel] dealing with what we've dealt with here today and you'll get a notice telling you about that court date." Defendant asserted he understood the information provided and had no questions.

¶ 9       The following day, the trial court entered a written order, stating defendant was required to file his "corrected answer no later than May 13, 2024," and generally continuing the proceedings on plaintiff's motion for default. The court also ordered plaintiff to schedule a case management conference before May 31, 2024, and to mail defendant a copy of both the court's order and a notice of hearing for the case management conference. Plaintiff filed a notice of hearing the same day, setting the case management conference for May 20, 2024, along with a proof of service showing service on defendant "by regular class mail" at defendant's Little York address.

¶ 10       The record fails to reflect that defendant filed a responsive pleading within the 21-day period required by the trial court. On May 16, 2024, plaintiff's counsel filed another proof of service, stating that on April 23, 2024, he served copies of the trial court's written order and the notice of hearing for the case management conference on defendant by mail at his Little York address. Counsel also asserted that defendant had not yet provided plaintiff "with an e[-]mail address for service." As an exhibit to the proof of service, counsel attached an e-mail sent from his office and addressed to defendant at mfrakes@goldstarfs.com, which stated as follows:

"[Defendant]-

Is this the e[-]mail you want us to use to serve pleadings to you?

Please advise. Until you confirm, we will use your mailing address for

- 4 -

service, but that is contrary to the Rules."

¶ 11 On May 20, 2024, the trial court conducted a hearing in the matter. The appellate record does not contain a transcript of the hearing; however, the court entered a written order the following day, May 21, 2024, that stated plaintiff appeared personally with her attorney "and testified to the accuracy of each paragraph of the Complaint." Based upon plaintiff's testimony and the allegations of the complaint and its attachments, the court found "for purposes of default" that a joint venture for cattle raising and breeding existed between the parties as alleged, defendant fraudulently and willfully induced plaintiff to borrow funds, and plaintiff "reasonably relied on Defendant's initial and ongoing fraudulent misrepresentations and his concealment of the actual disposition of Plaintiff's investment." The court also ordered an accounting to determine the amount of plaintiff's damages. Specifically, the court ordered defendant "to render a full accounting of his livestock business from August[ ] 2022 through the present"; produce supporting documents to plaintiff's counsel by June 24, 2024; and appear for a discovery deposition on July 9, 2024. The court further ordered as follows:

> "Plaintiff's counsel shall serve a copy of this order, a notice of discovery deposition, and all further pleadings on Defendant at [his Little York address], and at what apparently is his business e[-] mail mfrakes@goldstarf.com [*sic*] until such time as he designates another address on the record."

¶ 12 On May 22, 2024, plaintiff's counsel filed a proof of service, stating that on that date, he served a copy of the trial court's May 21, 2024, order on defendant at his Little York address and by e-mail at mfrakes@goldstarfs.com. On May 24, 2024, plaintiff's counsel filed a notice of discovery deposition, indicating that defendant was required to appear and testify on July 9, 2024, along with a proof of service stating that defendant was served with the notice by United

States mail on May 22, 2024, at his Little York address and also by e-mail at mfrakes@goldstarfs.com.

¶ 13 On July 12, 2024, plaintiff filed a motion to correct a scrivener's error in the trial court's May 21, 2024, order, to prove up damages following defendant's default, and for a final judgment on all claims. Regarding the issue of default, plaintiff alleged that contrary to the court's May 21, 2024, order, defendant had provided no accounting and did not appear for his deposition. She stated she would appear at a hearing on her motion for default to prove up her claims for actual and punitive damages and asked the court for an "assessment of damages on default, and for entry of a final and appealable judgment." A proof of service accompanied plaintiff's motion, stating that on July 12, 2024, plaintiff's counsel served defendant with a copy of the motion by United States mail at his Little York address and by e-mail at mfrakes@goldstarfs.com. Plaintiff also attached a copy of the July 9, 2024, deposition transcript to her motion, showing defendant's failure to appear at the deposition.

¶ 14 A hearing on plaintiff's motion was scheduled for August 6, 2024. The record shows that on July 12, 2024, plaintiff's counsel served defendant with a notice of that hearing by "regular class mail" at his Little York address and by e-mail at mfrakes@goldstarfs.com.

¶ 15 On August 8, 2024, the trial court entered a written order, stating the matter had been called for hearing on August 6, 2024. Again, the appellate record does not contain a transcript of that hearing. The court's order stated that plaintiff had appeared with counsel and testified to her damages, as well as the attorney fees and expenses she had incurred. Based upon the exhibits of record and plaintiff's testimony, the court found plaintiff was entitled to actual damages of $129,256 and punitive damages of $28,451.64, and it entered a final judgment in her favor and against defendant in the total sum of $157,707.64. On August 14, 2024, plaintiff's counsel filed a

proof of service, stating that on that date, he served a copy of the court's judgment order on defendant at his Little York address and by e-mail at mfrakes@goldstarfs.com.

¶ 16    On August 26, 2024, defendant filed his *pro se* notice of appeal from the trial court's August 8, 2024, judgment.

¶ 17                                II. ANALYSIS

¶ 18    On appeal, defendant challenges the default judgment entered against him, arguing plaintiff failed to provide him with advance notice of his July 9, 2024, discovery deposition. He contends the lack of notice resulted in his failure to appear for the deposition and effectively denied him the opportunity to present his defense. Defendant asserts the lack of proper notice violated his right to due process and affected the trial court's jurisdiction over the proceedings. He also requests that this court review and consider his "personal statement" in defense of plaintiff's claims and asks that we vacate the court's default judgment and remand for a new hearing and judgment.

¶ 19    A trial court may enter a default judgment "for want of an appearance, or for failure to plead." 735 ILCS 5/2-1301(d) (West 2022). "On appeal from a default judgment the only issues which can be raised concern errors appearing on the face of the record and the sufficiency of the complaint." *People v. Krueger*, 146 Ill. App. 3d 530, 534 (1986); see *Dillman v. Dillman*, 409 Ill. 494, 499 (1951) ("When defaulted, one may be heard in a court of review to insist that, admitting all that is alleged, the judgment against him is unwarranted. It is also the rule that a judgment rendered by default may be reviewed as to alleged errors on the face of the record."). "[I]f following the entry of a default the trial court requires plaintiff to present evidence to prove the allegations of the complaint, defendant can also challenge the default judgment based on the legal insufficiency of the evidence to sustain the allegations of the complaint." *Krueger*, 146 Ill. App. 3d at 534. However, on direct appeal, a defendant may not raise "matters which should have been

raised in defense." *Id.* In other words, arguments denying or defending against the claims in the complaint are not properly before the reviewing court on direct appeal from a default judgment. *Id.*

¶ 20 Here, defendant's claims on review do not involve a challenge to the sufficiency of plaintiff's complaint or an alleged error on the face of the record. Further, he does not identify or challenge any evidence considered by the trial court in support of the claims in plaintiff's complaint. Instead, on appeal, defendant first points out that the court's May 21, 2024, order directed that plaintiff serve him with notice of the July 9, 2024, discovery deposition at both his Little York address and at what the court believed was defendant's "business e[-]mail." According to defendant, the e-mail address specified by the court was incorrect, and, although he acknowledges that "the street address [was] correct," he maintains "there was never a Notice of Discovery Deposition delivered in the mail." Significantly, defendant raises no deficiencies with respect to plaintiff's proof of service of the notice of discovery deposition, showing service by United States mail at his Little York address. Additionally, his bare allegation that he never received a notice in the mail—at what he acknowledges was his correct street address—is a claim that was never raised with the trial court. It is a matter that is outside the record and not a proper subject for review.

¶ 21 On appeal, defendant further appears to suggest that service of the discovery deposition notice through regular United States mail was improper, asserting that he was "proper[ly]" served on other occasions in the case by certified mail or by the sheriff's office when initially served with the summons and a copy of the complaint. He also contends that the lack of proper service violated his due process rights and affected the trial court's jurisdiction. Significantly, however, defendant cites no legal authority to support his claims. We note that

Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) provides that the argument section of an appellant's brief must set forth "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." A party's "failure to cite legal authority to support their claim results in forfeiture of the issue on review." *Marsh v. Sandstone North, LLC*, 2020 IL App (4th) 190314, ¶ 50. We find defendant's claims are forfeited due to his failure to cite supporting legal authority.

¶ 22         Additionally, even if we were to set defendant's forfeiture aside, we would find his claims lack merit. As plaintiff points out on appeal, Illinois Supreme Court Rule 11(c) (eff. July 1, 2021) identifies service of documents by United States mail as proper. The rule generally provides for the electronic service of documents "[u]nless otherwise specified by rule or order of court." *Id.* Where service other than electronic service is specified by court order, an appropriate alternative method of service is by United States mail, specifically "[d]epositing the document in a United States post office or post office box, enclosed in an envelope to the party's address, as identified by the party's appearance in the matter, with postage fully prepaid." Ill. S. Ct. R. 11(c)(2)(iii) (eff. July 1, 2021).

¶ 23         In this case, the record shows the trial court entered a written order, requiring that plaintiff serve defendant with notice of the discovery deposition by both e-mail and through the United States mail at the Little York address. Plaintiff's counsel filed a proof of service, indicating he served the notice of discovery deposition on defendant as ordered. Although defendant argues the e-mail address identified by the court was incorrect, he fails to point to any manner in which the service of the discovery deposition notice through United States mail was deficient. As indicated, he admits that the Little York address was his correct street address and that he received service at that location before through certified mail. Notably, defendant never denied receiving

any other document or notice in the case, which plaintiff's counsel represented—through proofs of service—were also served on defendant by United States mail at his Little York address.

¶ 24    On appeal, defendant's remaining claim involves his "personal statement" in response to plaintiff's complaint. The record shows the "personal statement" referenced in his brief is the same one he attempted to submit to the trial court in answer to plaintiff's complaint but which was not accepted by the court. Instead, the court advised defendant regarding the proper format of a responsive pleading and granted defendant additional time to file his response. Ultimately, defendant never filed an answer or further participated in the underlying proceedings, and a default judgment was entered against him. As set forth above, denials and defenses against claims in the complaint may not be raised on direct appeal following a default judgment. Accordingly, we decline to consider defendant's "personal statement," as it raises issues not properly before this court.

¶ 25                    III. CONCLUSION

¶ 26    For the reasons stated, we affirm the trial court's judgment.

¶ 27    Affirmed.