2026 IL App (1st) 240957-U

Fourth Division
Filed March 12, 2026

No. 1-24-0957

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY as Subrogee of Jazmyn Jemison and Hertz, LLC,<br><br>    Plaintiff-Appellee,<br><br>    v.<br><br>CLAUDE A. BERRIEN and ARMOUR RECYCLING,<br><br>    Defendants<br><br>(Claude A. Berrien, Defendant-Appellant). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the<br>Circuit Court of Cook County<br><br>No. 2023 M1 014132<br><br>The Honorable Stephen Swedlow,<br>Judge, presiding. |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Navarro and Justice Quish concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court erred by entering a default judgment against the defendant where the notice of motion for default was not in compliance with Illinois Supreme Court Rule 12.

¶ 2    Plaintiff, Allstate Insurance Company, filed a complaint alleging negligence against defendant, Claude Berrien. The circuit court found Berrien in default because he did not appear or file an answer by the prescribed date. Berrien now appeals. For the reasons stated, we vacate the judgment of the circuit court and remand for further proceedings.

¶ 3                                I. BACKGROUND

¶ 4        Allstate filed a complaint against Berrien and his employer, Armour Recycling. Allstate alleged that on October 5, 2021, Berrien was driving a truck owned by Armour when he caused a collision with Jazmyn Jemison, Allstate's subrogor. As a result of the accident, Allstate paid $53,079.32 for repairs and medical treatment for its insured under the auspices of the uninsured motorist benefits. Pursuant to the policy, Allstate's insured paid a $1,000 deductible.

¶ 5        On October 26, 2023, Berrien was served by personal service. Armour Recycling was not served.

¶ 6        On January 11, 2024, Allstate filed a motion for default against Berrien, asking the court to enter an order of default and to set the matter for a prove-up hearing. Allstate also filed a motion to dismiss without prejudice as to Armour Recycling. On January 16, 2024, Allstate filed a notice of filing with the sheriff's affidavit attached. The notice of filing, which was mailed to Berrien, included a hearing date for the motion for default, February 8, 2024. On that date, Berrien filed an appearance.

¶ 7        On February 8, 2024, Allstate filed another motion for default against Berrien. While the proof of service in the notice of motion indicated Allstate mailed the motion to Berrien, it did not include the day it was placed in the mailbox. On March 7, 2024, the circuit court found Berrien in default and set the matter for a prove-up. The court simultaneously dismissed, without prejudice, Armour Recycling as a defendant in the case upon Allstate's motion. Allstate mailed a notice of entry of order to Berrien on March 19, 2024. The notice indicated that the case was set for a prove-up hearing on April 22, 2024.

¶ 8        On April 22, 2024, the circuit court entered a default judgment for $54,079.32 against Berrien. The order indicated that Berrien was in default for failing to file an appearance. On April 26, 2024, Berrien filed a *pro se* notice of appeal.

¶ 9                                    II. ANALYSIS

¶ 10        At the outset, it is important to note that Allstate did not submit an appellee's brief. On August 14, 2025, we entered an order to take this case solely on the record and Berrien's brief. Generally speaking, the court will not act as an advocate for an appellee who has not filed a brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). However, a reviewing court may decide the appeal on the merits if the record is simple and the issues can be easily decided without the aid of an appellee's brief. *Id*. We believe we can decide the merits of this case without the aid of an appellee's brief.

¶ 11        A trial court may enter a default judgment "for want of an appearance, or for failure to plead." 735 ILCS 5/2-1301(d) (West 2022). "On appeal from a default judgment the only issues which can be raised concern errors appearing on the face of the record and the sufficiency of the complaint." *People v. Krueger*, 146 Ill. App. 3d 530, 534 (1986). On direct appeal, a defendant may not raise "matters which should have been raised in defense." *Id*. Meaning, on appeal, a defendant may not deny or defend against claims in the complaint. *Id*.

¶ 12        On appeal, Berrien raises arguments which are outside the record and not proper for review. *Id*. However, Berrien presents one argument alleging errors apparent on the face of the record. Berrien argues he was not properly notified of the default hearing as required by Cook County Circuit Court Rule 2.1 (Aug. 21, 2000).

¶ 13        "Due process of law requires that a party be accorded procedural fairness, *i.e.*, given notice and an opportunity to be heard. [Citation.] Parties who have properly appeared in an action are entitled to notice of any impending motions or hearings." *Gredell v. Wyeth Laboratories, Inc*., 346 Ill.App.3d 51, 62 (2004). Circuit Court Rule 2.1 states, in relevant part:

> "(a) Notice required. Except in actions appearing on the daily trial
> call or during the course of trial, written notice of the hearing of all
> motions shall be given to all parties who have appeared and have not
> theretofore been found by the court to be in default for failure to plead,

and to all parties whose time to appear has not expired on the date of notice.\* \* \*

(b) Content of Notice. The notice of hearing shall show \* \* \* the time and date when, and the place where the motion will be presented. If the motion is made orally, the notice shall state the nature of the motion. If the motion is presented in writing, a copy of the motion or a statement that it previously has been served, shall be served with the notice. Copies of all papers presented to the court with the motion shall be served with the notice or the notice shall state that copies have been served.

(c) Manner and Time of Service of Notice.

(i) Notice shall be given in the manner and to the persons described in Supreme Court Rule 11. \* \* \* If notice is given by mail, the notice shall be deposited in a United States Post Office or Post Office Box on or before the fifth (5th) court day preceding the hearing of the motion."

Cook County Cir. Ct. R. 2.1 (Aug. 21, 2000).

¶ 14    Illinois Supreme Court Rule 11(a) provides, "If a party is represented by an attorney of record, service shall be made upon the attorney. Otherwise service shall be made upon the party." Ill. Sup. Ct. R. 11(a) (eff. Oct. 1, 2024). Proof of service must be filed with the clerk. Ill. Sup. Ct. R. 12(a) (eff. July 1, 2017). Further, Illinois Supreme Court Rule 12(b)(5) provides, where service is by mail, a party proves service by certifying who placed the document in the mail, along with the time and place of mailing. Ill. Sup. Ct. R. 12(b)(5) (eff. July 1, 2017). Proof of proper service of mail must be made in substantial compliance with the requirements of Rule 12. *CitiMortgage Inc. v. Lewis*, 2014 IL App (1st) 131272, ¶ 39. If there is no proof of mailing, the date the document was mailed cannot be established. *Id.*

¶ 15   Additionally, the April 22, 2024 default judgment order states that Berrien was in default because he failed to file an appearance. However, that finding was erroneous as Berrien filed his appearance on February 8, 2024, the same day Allstate filed its second motion for default.

¶ 16   Here, we do find error on the face of the record as it pertains to Allstate's February 8, 2024 motion for default as its notice of motion was not in compliance with Illinois Supreme Court Rules. Berrien filed his appearance on February 8, 2024. Allstate then filed its motion for default. While Berrien argues the notice of motion did not include a hearing date, the selected hearing date was indicated at the top of the notice. The proof of service for Allstate's motion for default, filed on February 8, 2024, stated the notice of motion was mailed to Berrien; however, the notice did not indicate the date on which the motion and notice were deposited in the mail. The notice of motion leaves a blank space for the day of the month, indicating that it was mailed "on February __ 2024." There is no indication when the notice of motion was sent. Therefore, Berrien was not served as required by Rule 12. *CitiMortgage*, 2014 IL App (1st) 131272, ¶ 39 ("Service is complete when all the required acts are done. So, if all that the statute requires is done, it is immaterial that defendant in fact receives no actual notice thereof.") Further, the circuit court's local rule provides that "[m]otions, pleadings or other papers filed with the Clerk of the court and not in compliance with Supreme Court Rules 11 and 12 will be stricken." Cook County Cir. Ct. R. 1.1(b) (eff. July 1, 1976).

¶ 17   Accordingly, we find that entry of the default judgment was improper as the record shows that Allstate's notice of motion was not substantially in compliance with Rule 12(b)(5). Under these circumstances, fairness and justice requires that the default judgment be vacated. See *Acosta v. Sharlin*, 295 Ill. App. 3d 102, 106 (1998).

¶ 18   Finally, Berrien argues the circuit court erred when it dismissed Allstate's claims against Armour. We conclude Berrien has no standing to challenge Armour's dismissal. "The right to appeal exists only in favor of a party whose rights have been prejudiced by the judgment or decree appealed from." *Clay v. Pepper Construction Co.*, 205 Ill. App. 3d 1018, 1022 (1990) (citing *Tisoncik v. Szczepankiewicz*, 113 Ill. App. 3d 240, 244 (1983)). "As between codefendants, a

judgment for or against one of them does nothing but establish their respective rights and liabilities towards the plaintiff, unless the issues between the codefendants were actively litigated in the action." *Id*. As issues between Berrien and Armour were not actively litigated in the circuit court and Berrien makes no argument as to how Armour's dismissal prejudiced him, Berrien lacks standing to appeal the dismissal of Armour as a defendant.

¶ 19                                III.  CONCLUSION

¶ 20        Based on the foregoing reasons, we vacate the circuit court's April 22, 2024 judgment, and the cause is remanded for further proceedings.

¶ 21        Vacated and remanded.